By the Court.
This is a motion by the counsel for the plaintiff in error, to make restitution of the sum of fifty-one thousand five hundred and ninety-three dollars, and thirty-five cents. When land has been sold by the Sheriff, by vir°f an execution on a judgment which is reversed, restitu(*on °* the money received by the plaintiff below, is granted of course. And, if the plaintiff in error had. asked it in this *297 case, he should have had it. But, not satisfied with that, he asks a very large sum, which was never received. It appears by the Sheriff’s return to the venditioni exponas, that he •sold the real estate of the defendant, consisting of one hundred and eighty acres of land, for the sum of one hundred dollars. How is it then, that the plaintiff in error demands the enormous sum of fifty-one thousand five hundred and ninety-three dollars, and thirty five cents ? He grounds this extraordinary claim on the conditions of sale, which were, that Mr. Cassell's property was sold “subject to the balance of the purchase money', claimed by David Cooke, from Henry Cassell, amounting to fifty-one thousand four hundred and ninety'-three dollars, and thirty-five cents, with interest from the 5th -May, 1820, under articles of agreement, for the sale of the said premises to the said Cassell, dated the 10th August, 1813. The above sum had been found due upon the said articles of agreement from the said Cassell to the said Cooke, by the verdict of a jury, and the judgment of the Court of Common Pleas of Lancaster county, thereupon rendered on the said 6th May, 1820, which said judgment has been removed by the said Cassell, to the Supreme Court of the Commonwealth of Pennsylvania, for the Lancaster District, by writ of error.” The purchaser, ("Mr. Roberts,) paid one hundred dollars, the sum which was bid, subject to the above conditions, and received a deed from the Sheriff. Cooke afterwards purchased of Roberts, and is now in possession. The conditions of sale were perilous, and one hundred dollars was the highest bid. The judgment has been reversed, but a venire facias de novo is ordered, and the land is held subject to the balance due to Mr. Cooke. What that may be is uncertain ; but it is certain, that no more than one hundred dollars have been received by any person on this execution. Now, there cannot be restitution of what has not been received: but, not one cent of the fifty-one thousand five hundred and ninety-three dollars, and thirty-five cents, of which restitution is asked, has been received by Cooke; and so, this Court has no right to order him to restore it. The motion is, therefore, rejected.
Motion rejected.
*298 Hopkins, then prayed the Court to award a scire facias to the defendant in error, to shew cause, why the plaintiff in error should not have restitution of the price for which the said land was sold, amounting to fifty-one thousand five hundred and ninety-three dollars, and thirty-five cents, with interest from the 5th May, 1820,
Písr Curiam.
The Court having already decided, by discharging a former motion, that they will not award restitution of fifty-one thousand five hundred and ninety-three dollars, and thirty-five cents, with interest from the 5th May, 1823, as prayed for, and their opinion having been requested to be reduced to writing, and filed of record, which the Court have done, refuse to award a scire facias, against David Cooke, to shew cause, why the said Henry Cassell, the plaintiff in error, should not have restitution of the price for which his said land was sold, amounting to fifty-one thousand five hundred and ninety-three dollars, and thirty-five cents, with interest, for the reason assigned in the opinion filed, and for this reason, that this Court have no power to issue a scire facias, because they have no power to try any issue in fact.
Motion overruled.
An application was finally made by Mr. Hopkins, for such relief as would carry into effect the judgment of reversal, and as might to justice appertain.
Per Curiam
As this motion is not for any specific relief, and as the only relief could be a restitution either of the ono hundred dollars, for which the land was sold, or the land itself; and, as the plaintiff in error has not applied, either for the one or the other, the Court cannot act upon it, and therefore discharge it.
Motion discharged.