## Lonergan *against* Whitehead.

A book of original entries, verified on oath, is not competent evidence of the delivery of goods, under a previous contract, for their delivery at different distant periods.

ERROR to the common pleas of *Allegheny* county.

This was an action of assumpsit by John Lonergan and others, for the use of James Armstrong against Whitehead, Johnson & Phillips, founded upon the following agreement:

"Pittsburgh, February 2, 1838.

"$459 43. We hereby obligate ourselves to deliver to Messrs John Lonergan & Co., or order, black porter, wine, claret, or such other bottles as we manufacture, at our regular list of prices, as established January 1, 1838, to the amount of this note; which bottles we will commence to deliver this day, or at any other day, at the rate of four groce per day; or if the bottles be not made when ordered, they shall be made and delivered immediately. We will deliver them all now in three days, the prices to be estimated as the cash prices.  "WHITEHEAD, JOHNSON & PHILLIPS."

It was admitted the bottles were all delivered but ten groce, of the value of 92 dollars and 50 cents, which was the subject of dispute.

The defendants offered in evidence their book of original entries, verified on oath, to prove the delivery of the bottles in pursuance of the contract. This was objected to by the plaintiffs; but the court overruled the objection, and sealed a bill of exceptions. Verdict and judgment for defendants.

*Lowrie*, for plaintiff in error, cited 1 *Binn.* 234; 12 *Serg. & Rawle* 405; 5 *Serg. & Rawle* 404; 4 *Rawle* 294, 410; 12 *Serg. & Rawle* 80; 4 *Watts* 258.

*Burke*, for defendant in error, cited 4 *Serg. & Rawle* 3; 16 *Serg. & Rawle* 133; 9 *Serg. & Rawle* 208.

The opinion of the court was delivered by

ROGERS, J.—From the first settlement of the country, books of original entries, verified by the oath of the party, or other proof, have been received as evidence of the *sale* and *delivery* of goods. To this effect, and no further, are all the authorities which have been cited. The evidence is admitted from necessity; for according to the

X.—W

[Lonergan v. Whitehead.]

usual mode of doing business, the sale and delivery being cotemporaneous acts, commonly take place when no other persons are present, and are consequently susceptible of no other proof. But no case has been cited where such testimony has been admitted to prove a delivery of an article made in pursuance of a previous contract. Here the contract was in writing, for the delivery of a quantity of bottles to the purchaser, as they were manufactured, at different times and at distant periods; and the only question is, whether the vendor performed the contract. The reasons on which the cases cited are ruled do not apply; for there is no necessity to resort to such proofs; and it is not according to the usual course of business. The delivery is a matter of notoriety, done through the agency of others, and therefore easily proved by disinterested witnesses. The carman or persons employed take, or ought to take, receipts; and when this precaution is neglected, the agent may be called to prove the delivery. It has never been supposed, when a contract is for the delivery of wheat or flour, or any other article of this description, at a future time, that the common law proof of performance can be supplied by such testimony. It would be evidence of the most dangerous kind. The court seems to have admitted the evidence on the plea of set-off; but it does not come within that class; it is strictly proof of performance of a written contract. The court, therefore, erred in admitting the evidence, and in charging the jury, that the book of original entries was *prima facie* evidence of the sale and delivery. The only evidence of sale was the written contract. The entries in the book must have been made from the representation of the carman or porter, and is consequently liable to every mistake arising from carelessness or design, without any check upon his conscience under oath.

This view of the case renders the other points immaterial, except the charge as to the acts of the agent, in which we see nothing erroneous.

Judgment reversed, and *a venire de novo* awarded.