## Alexander *against* Hoffman.

In an action to recover compensation for work and labour under a special contract, the plaintiff cannot recover for part performance upon a declaration containing a general averment of performance; but he must set out specially a default of the defendant as the ground of his failure to perform according to his contract.

In such case, it is not the duty of the plaintiff to abandon his contract and resort to an action for damages, but he may recover on his contract for the amount of work done, upon proof of the defendant's default.

In such action, the book of original entries of the plaintiff showing the amount of work done, is not competent evidence.

ERROR to the Common Pleas of *Perry* county.

This was an action on the case brought by George Hoffman against S. Alexander. The declaration stated " Whereas on the 26th November 1839, an agreement in writing was entered into between the said Hoffman of the one part, and Alexander, by his agent John D. Creigh, of the other part, as follows, viz. ' Said Hoffman hereby agrees to chop and rank in a workman-like manner, during the ensuing winter and before the first of April next, 6000 cords of wood : also the said Hoffman agrees to haul the said wood into pit, and make all the necessary hearths and dust therefor, and to rake the leaves and coal said wood, and make good and sufficient yield of and out of said wood: to make and keep in repair all necessary wagon roads through said coaling to and from the hearths, and to do all things needful and necessary about the same, and to send in and have in readiness during the next coaling season, as much coal as will at all times keep in steady employ during said season, two teams either hauling coal or leaves. In consideration whereof, said Alexander hereby agrees to pay said Hoffman therefor, the sum of $5400 in the following manner, viz., $300 before 15th December, $300 before 15th January, $300 before 15th February, $300 before 15th March, $100 before 10th May, $100 before 10th June, $200 before 10th July, and $200 before 10th August: and to furnish provisions for all the workmen that said Hoffman may want or require, at the following prices : flour at $6.75 per barrel, pork at 10 cents, bacon at 13 cents, oats at 35 cents, and all groceries and goods at the usual selling prices : and for such balance as may remain due to said Hoffman on settlement after said coaling is finished, it is to be paid to him 90 days thereafter.' And although the said George from the date of said agreement, had performed all things therein contained on his part to be performed according to the form and effect thereof, yet the said Alexander, his promises and assumptions so as aforesaid made, wholly disregarding, did not pay the said George $300 before

[Alexander v. Hoffman.]

15th December, &c., &c., did not furnish the provisions for all the workmen, as in the said agreement mentioned, and did not pay the said George the balance due to him of the said sum of $5400 according to the said agreement. But the same to pay, hitherto hath refused, &c."

The plaintiff offered in evidence, a book containing the original entry of the amount of wood cut, by whom and when cut, and the amount of dockage, &c., usually called a wood list. The defendant objected to it, as not being evidence to sustain the plaintiff's declaration. The court overruled the objection, and the defendant excepted. The plaintiff then called a number of witnesses to prove the cutting of the wood to the amount of 3310 cords, and that in consequence of the failure of the defendant to furnish provisions and pay according to his contract, the plaintiff was unable to proceed with the work, and quitted it.

The defendant asked the court to instruct the jury, that upon the declaration averring general performance and the proof given to support it, the plaintiff was not entitled to recover. But the court instructed the jury, that the plaintiff might recover for the amount of work actually done, if he was prevented from completing the work by the failure of the defendant to pay. This was the subject of exception. A verdict was rendered for the plaintiff for $529.79.

*Alexander*, for plaintiff in error. That the book was not evidence, cited 5 *Serg. & Rawle* 404; 10 *Watts* 249; 13 *Serg. & Rawle* 126; 5 *Serg. & Rawle* 404; 1 *Watts & Serg.* 60. The plaintiff could not recover, without averring the defendant's default as a reason for his non-performance.

*Watts*, contra. The peculiar circumstances, which surround the contracts of an iron-master and his labourers, renders necessary the adoption of certain exceptions to the rules of evidence. The labourer has no other employment or transactions which require such entries as would make a book evidence. His transactions are all with one person; and the only account that can be kept of them is such as was kept in this case. After wood is coaled, the ordinary testimony of witnesses is not to be had, or at all events, when had, will be very uncertain.

The opinion of the Court was delivered by

ROGERS, J.—This was an action on the case to recover compensation for work and labour under special agreement. The plaintiff avers a general performance, and alleges specific breaches of the contract by the defendant. It is conceded that neither party performed his part of the agreement literally, but the plaintiff insists that he was prevented from performance by the default of the defendant. And this raises the first question; for the defend-

[Alexander v. Hoffman.]

ant alleges, that admitting this to be true, notwithstanding, no recovery can be had on a declaration containing a general averment of performance.    He insists that the plaintiff should set out his excuse for failure to perform his part of the agreement.    The object of a declaration is to give notice of the cause of action, and this would not be done, if the plaintiff was at liberty to aver general performance, and support his action by evidence of an inability or prevention to perform by the default of the opposite party.    The defendant would come prepared to meet one charge, and would be compelled to defend himself from a charge of a different nature. 1 *Saund.* 204; 2 *Chitty P.* 400 ; 1 *Saund. P. & E.* 146 ; *Cassel* v. *Cooke*, (8 *Serg. & Rawle* 296).    The court was wrong, as we think, in instructing the jury, that under the evidence and declaration, the plaintiff might recover ; the *allegata* and *probata* did not agree.

It is necessary for the plaintiff to prove one of the two things, either that he has fully complied with his contract, or he must satisfy the jury that he was prevented from performing by the failure of the defendant to pay according to the stipulation in the agreement.    In the latter case, he will be allowed for his labour a sum, the amount of which the jury will decide under all the circumstances, deducting for the injury, if any, arising from any failure of the plaintiff to do the work at the time stipulated.    I cannot agree with the defendant, that the only remedy, if the plaintiff was dissatisfied with the defendant's performance, was by refusing to proceed and abandoning the contract, giving notice to the defendant and looking for damages.    He might have pursued this course, if he would, but he was not compelled to do so.    It would be against equity, if he could not recover the amount due for his labour, when he pursued his work with the knowledge of the defendant, and without objection, so far as appears in the evidence.    It is not our intention to express any opinion on the merits. That is a matter for the judgment of the jury, as the case goes down for another trial, depending on its peculiar circumstances, and as such, is proper for their decision.    They are a tribunal fully competent to do justice between the parties.

In the course of the trial, the court permitted the plaintiff to give in evidence his book of original entries, we think, improperly. 1. Because it is a book of original entries to prove a delivery of goods under a previous contract for their delivery at different distinct periods.    2. Because the book does not purport to charge the defendant, but seems to be an account against labourers employed by him in the work.    *Lonergan* v. *Whitehead*, (10 *Watts* 249); *Gamber* v. *Wolaver*, (1 *Watts & Serg.* 66).

We perceive nothing in the remaining bills, nor in the charge, which is exceptionable.

Judgment reversed, and a *venire de novo* awarded.