# Schnader *versus* Schnader.

A party who examines a witness on his *voir dire* when his deposition is
taken, cannot, when the deposition is offered, resort to other testimony to show
his incompetency; but the error is immaterial, where the witnesses called
prove nothing more than the witness himself admitted.

Books of original entries are evidence of work done, on a *quantum meruit*,
but not where the labour was performed under a special contract.

A contract is only implied in favour of those who performed the work; and
where it is done by partners, *assumpsit* on a *quantum meruit* can only be
sustained in their names, although the contract for the work was made by the
party bringing the suit before the partnership commenced.

Where the partnership was rescinded after the work was done, and the one
fully paid for his labour, he is still incompetent as a witness in an action on
an implied *assumpsit* against the party for whom the work was done, by the
other.

ERROR to the Common Pleas' of *Lancaster county*.

[Schnader *v.* Schnader.]

This was an action of *assumpsit*, in which Michael Schnader claimed to recover from William Schnader on a *quantum meruit*, for the carpenter work of a house.

In 1852, Michael Schnader entered into a contract with William Schnader, to do for him the carpenter work of a house, which the latter was building, for the sum of $80, payable half in cash and the balance in lime. In 1853, after the work was finished, the parties met and attempted to settle; including the lime, the plaintiff had received on the work the sum of $79.90, but claimed allowance for extra work. The defendant offered him 10 cents, the balance of the contract price, and $3.50 for extra work, which the plaintiff declined receiving. The defendant afterwards tendered $5 more, making in all $8.60.

After Michael Schnader made the contract with the defendant, he took Emanuel Bear in with him, and they did the work together. About the time it was finished, Bear went out, and Michael Schnader paid him for his work by the day. Bear's deposition was taken, and before being sworn and examined in chief, he was at the instance of the defendant sworn upon his *voir dire*, as to his interest.

On the trial, the plaintiff offered this deposition, and the defendant called witnesses to prove that Bear had been a partner in the work, and the deposition was rejected. The plaintiff offered his book of original entries made by himself of the work done, and upon his examination stated: " This is my day book; I made the entries right down. I put the charges down every Saturday night; did not put it down every day; had it not put down every day; kept it in my head." The book was objected to, but admitted by the court, and an exception taken by defendant.

After the defendant had proved the special contract, and what had occurred at the attempted settlement, the plaintiff again offered the deposition of Emanuel Bear, to contradict the witnesses of defendant, and it was admitted under objection by defendant's counsel.

The principal matter of controversy was, whether there was a special contract at a specified price, and whether there had been extra work done by the direction and request of the defendant. Which matters the court below (LONG, P. J.) referred to the jury.

The defendant requested the court to charge the jury:—" 1. If the jury believe that Michael Schnader and Emanuel Bear were partners in doing this work, the plaintiff cannot recover.

" 2. If, during the progress of the work, and up to the time of its completion, Michael Schnader and Emanuel Bear were partners in the job, this suit cannot be sustained, even if afterwards they dissolved and Bear sold his interest to Schnader."

Answers to defendant's points:—" 1. If the jury believe that

[Schnader *v.* Schnader.]

Michael Schnader and Emanuel Bear were partners at the time the contract was made, and the contract was made with the plaintiff, Michael Schnader, as one of these partners, the plaintiff cannot recover in this suit.

" 2. If the contract was made with Michael Schnader individually, before he entered into partnership with Emanuel Bear, if such partnership should have been proven to your satisfaction, and such partnership was dissolved, and Bear sold his interest before this suit was brought, then this suit can be maintained. But if such partnership existed at the time the contract was made, this suit cannot be supported. These are facts for your decision."

The jury found for the plaintiff, $30.

The errors assigned were the admission of the plaintiff's book, and the deposition of Bear, and the answer to defendant's 2d point.

*Stevens* and *Breneman*, for plaintiff in error.—It is well settled the entries must be made at or about the time when the goods were sold, or the work done : Forsythe *v.* Norcross, 5 *Watts* 432 ; 1 *Green. on Ev.* 117, and notes; Kessler *v.* McConaghy, 1 *R.* 435.

As to Bear's deposition, the party alleging the interest must elect either to show it by the witness's own testimony, or *aliunde,* and so the witness having been shown incompetent, cannot purge himself by his own testimony : Vincent *v.* Huff, 4 *Ser. & R.* 301 ; Gordon *v.* Bowers, 4 *Harris* 230 ; Anderson *v.* Young, 9 *Harris* 443 ; McCaskey *v.* Groff, 11 *Harris* 325.

The evidence shows that the plaintiff and Bear were partners, and the suit could not be sustained : Wilson *v.* Wallace, 8 *Ser. & R.* 53.

Nor could he be a witness to support a claim, in which he had had an interest, even if he sold out that interest : Post *v.* Avery, 5 *W. & Ser.* 509 ; Patterson *v.* Reed, 7 *W. & Ser.* 144.

*N. Ellmaker,* for defendant in error, on the book entries referred to Curren *v.* Crawford, 4 *Ser. & R.* 3 ; Ingraham *v.* Bockius, 9 *Ser. & R.* 285 ; Heartley *v.* Brooks, 6 *Wh.* 189 ; McCoy *v.* Lightner, 2 *Watts* 347.

The opinion of the court was delivered by

Lowrie, J.—The whole difficulty of this case grows out of a false presentment of it. Though it is very evident that nearly all this work was done for William Schnader, by Michael Schnader, on a special contract, yet nothing of this appears in the evidence in chief, given by the plaintiff to the jury. If it had appeared, then the admission of the plaintiff's book entries would have been improper : 10 *Watts* 249 ; 4 *W. & Ser.* 290 ; 5 *Id.* 384. But

[Schnader v. Schnader.]

book entries are evidence of work and labour done where there is no special contract, and at the time when they were offered they appeared to be admissible on this principle. The record does not give us the book entries, or any indication of their substance, and therefore it is impossible for us to say whether they were objectionable in form or matter, or not.

It was very strange that Emanuel Bear should be examined on his *voire dire* as to his competency, and that other witnesses should be examined by the same party as to the same question; but as they proved no more than he had admitted, this did no harm to any one. This part of the investigation showed that Bear was in partnership with Michael in doing the work, and his deposition was rejected. Then the defendant's testimony showed that there had been a special contract for the work between the plaintiff and the defendant, and that the plaintiff took Bear into partnership in the job. Then the plaintiff again offered the deposition of Bear, and it was admitted.

If the plaintiff had placed his case on the special contract, this might have been right enough, for Bear was no party to that, and the defendant had nothing to do with the arrangement between Bear and Michael in that aspect of the case. But he did not so place it. In all his evidence he goes for a *quantum meruit*, and on this footing only were his books admitted.

By going on a *quantum meruit*, he claims the right to abandon his special contract and rely on the implied one arising out of the work done. But a contract can be implied only in favour of those who did the work; 10 *Ser. & R.* 213; 14 *Id.* 111; and as that appeared to have been done by Bear and Michael in partnership, Bear was improperly admitted to support a claim in which he was once a partner, and the suit was improperly brought in the name of the other partner alone. If the plaintiff had been claiming before the jury on the special contract only, then Bear would have been a competent witness.

The charge of the court was right so far as it went, but, with reference to the aspect in which the plaintiff presented his case, as on an implied contract, they ought to have affirmed the defendant's second point. The verdict proves its importance; for there is no such evidence of extra work done by the plaintiff as can justify the verdict.

      Judgment reversed and a new trial awarded.