## Rheem *versus* Snodgrass et al.

1. A man cannot be charged in equity as a partner, and sued at law as a debtor, of the same firm.
2. A shop-book entry, which shows on its face that delivery of the goods sold was not made until after the date of the entry, is not admissible in evidence.

ERROR to the Court of Common Pleas of *Cumberland county*.

On the 18th day of December, 1855, Benjamin Snodgrass and others, defendants in error, commenced proceedings in equity against the plaintiff in error, in the Court of Common Pleas of Cumberland county, to charge him as a partner in the firm of Benjamin Snodgrass & Co., to which respondent answered, denying the partnership. On the same day this suit was commenced, in the same court, by the said Snodgrass & Co., for goods sold to said Rheem. On the trial, the court, *inter alia*, admitted the book of original entries of the firm, under objection, in which the following entry appeared, as part of the cause of action in this suit, accompanied by order of 21st July, 1853, for eight car-wheels:

" 9th Nov., 1852—Jacob Rheem, Dr., to 8 car-wheels,
    3 of which are not yet delivered, at $16 each,     $128 00"

The admission of this evidence was assigned for error.

*Penrose* and *Rheem*, for plaintiff in error.—The only proper operation of books of entries, is by showing contemporary charges for goods delivered, and that alone in a course of dealing between the parties to serve as evidence *to raise an assumpsit in law to pay for them. Price* v. *The Earl of Torrington*, note to 2 Smith's Leading Cases, 195. The entry in the book, therefore, of a charge on the 9th November, 1852, " of eight car-wheels, three of which are not yet delivered," is clearly (as the court impliedly say) no evidence to charge Rheem as of that date, for the three wheels not yet delivered. The plaintiffs, then, though in the statement of their cause of action claiming " a book account for goods sold and delivered to the defendant, and work done for him at various times *between the 18th of December*, 1849, *and the 10th of December*, 1852," in order to support their demand for the three car-wheels, show an order from Rheem for three car-wheels, dated 1st July, 1853. If the book entry is not evidence of the delivery of three car-wheels,

as clearly it is not, upon the authority of *Rhoads* v. *Gaul et al.*, 4 Rawle, 404, directly to the point, by what *jus postliminium* can the order of July, 1853, be carried back, to give efficacy to a defective book entry?    4 Rawle, 407.

*Watts & Parker*, and *Colwell & M'Clure*, for defendants in error.—On the 8th of November, 1852, Rheem ordered eight car wheels, to be charged to him.    The order was filled, and the charge made on the 9th.    The plaintiffs delivered five car wheels at Carlisle, to the defendant, that day, and the remaining three were not sent till sent for by Rheem.    The foundry was in Shippensburg, and it was not their duty to deliver wheels at Carlisle. It is not alleged that the three wheels were not set apart for Mr. Rheem, nor is it pretended that he did not get them.    Can the plaintiffs give the book entry and the orders in evidence ?    It is settled that where a plaintiff selects the article he wants, and it is put aside by the merchant, then is the time to make the entry of a charge against the purchaser, and such entry is evidence.    *Parker* v. *Donaldson,* 2 W. & S. 9 ; *Carvill* v. *Garrigues,* 1 Barr, 153.

The opinion of the court was delivered January 26, 1858, by
  PORTER, J.—This action appears to have been properly brought, and, with one exception, rightly tried.    It was an awkward state of facts to provide a remedy for ; but the plaintiff adopted the proper course, by joining those only who had a legal interest in the result.    The contemporaneous equity proceeding was out of place.    No man can be charged in equity as a partner, and sued at law as a debtor of the firm, for his adversary cannot place him in these incompatible legal attitudes.    But the creditor cannot thus, even by his own blunder, be cut out of a just debt ; and in this case, the defendant's denial of the partnership, substantially stopped pursuit in that direction, for it bound him fast.    In the action at law now under review, the agreement of June, 1849, was properly admitted, for the business had been commenced and carried on under it, and it sufficiently showed the connection between the parties, to warrant its introduction.    The books produced were really those of the association, however they may have been inscribed ; and, although it is better to call things by their right names, it was not a fatal objection, that they appeared to have been kept in the name of the most active partner, with the addition, "and Co."    In older commercial States, it is common, and in this country, not unusual, to transact business under a title, which does not contain the name of an existing member of the firm that employs it.    Leaving these points, there is an error which must be cured.    The plaintiffs gave in evidence, an entry under

[Carpenter's Appeal.]

the date of 9th November, 1852, of "eight car wheels, three of which are not yet delivered." It is said, they were afterwards delivered on a written order. If the defendant received them, he ought to pay for them; but upon every principle, on which our decisions have gone, a shop book-entry, which shows on its face, that delivery was not made until after the date of the entry, is not admissible. The items, which should have been rejected, amount to forty-eight dollars. The plaintiffs having agreed to remit that amount, without prejudice to their right, if any, to recover it in another action, for the remainder of the sum, the judgment is affirmed.