# Hale's Executors *versus* Ard's Executors.

*Account-book of attorney, whether evidence of indebtedness for services charged,* dubitatur.—*Proper subjects of book charge.—Book not evidence of collateral matters—Statute of Limitations, what evidence will rebut.— When it commences.— Costs in assumpsit.*

1. How far the book of accounts of an attorney at law, containing charges for professional services, are evidence of indebtedness to him by the persons charged, not decided; but *dubitatur*.

2. An item of commission for collecting a sum of money is not a proper subject for a book charge; and a charge for visiting the house of the client at the request of a third person is no evidence of indebtedness; nor is a charge for a fee in an equity case, where it did not appear that the plaintiff was concerned in it as attorney; a party is liable only for services rendered therein upon his request, but books of original entry of the attorney are not evidence of a request, made by a third person.

3. The record of a suit which had been brought against the defendant and others, is not admissible on behalf of the plaintiff to take out of the Statute of Limitations his book charge for going to defendant's house, and counselling in regard to it, where the suit was not brought at the time of the entry, and the plaintiff was not employed to attend to it, and did not appear as attorney on the record; nor was it evidence of a continuing relation as counsel and client.

4. In an action upon a book account of an attorney against defendant's executors, it is not competent for the plaintiff to prove by a witness that he was the general legal adviser of the defendant, either for the purpose of establishing a continuing relation as counsel, or for the purpose of avoiding the Statute of Limitations; nor is the will of the defendant admissible for such a purpose.

5. The Statute of Limitations runs against a claim for professional services as soon as they are finished; and the relation of continuing attorney in a litigated case will not prevent the claim for services generally from being barred by the statute, though it may for services rendered during the progress of that particular case, and in that case.

6. Where the plaintiff in *assumpsit* recovered less than $100, and there was nothing to show that the demand was reduced by *set off*, judgment was properly entered without costs.

ERROR to the Common Pleas of *Mifflin county*.

This was an action of *assumpsit* by Sarah J. Hale, John M. Hale, and William M. Hale, executors, &c., of Reuben C. Hale, deceased, against John A. Sterrett and Samuel Maclay, executors, &c., of Dr. Joseph B. Ard, deceased, to recover $505 for professional services as attorney and counsellor at law.

Under the ruling of the court below there was a verdict in favour of the plaintiff for a portion of the claim, a settlement up to 1851 having been proved, which excluded all for which suit was brought, except about $380, and as to all of this sum, except $30, the Statute of Limitations was pleaded, leaving due with interest $37.20, for which a verdict was rendered, and judgment entered thereon without costs.

The case is sufficiently stated in the opinion of this court.

*Samuel S. Woods*, for plaintiffs.

*D. W. Woods*, for defendants.

The opinion of the court was delivered, June 22d 1864, by

STRONG, J.—The plaintiffs sued in the court below to recover for services alleged to have been rendered by their testator as an attorney for Dr. Ard, the testator of the defendants. The evidence by which the claim was supported was the book of Mr. Hale, containing, as was alleged, original entries made by himself. The account commenced on the 15th February 1849, and closed on the 15th of May 1860. Among other charges contained in it were the following: "May 24th 1852. Cash item, $100, 5 per cent. on same, $5." "1856, February 5th. To going to your house at your request, per T. Keagy, $10," and "May 16th 1860. To fee in equity proceedings, Souder *v.* Lapsley, seeing Judge Cadwalader and examining papers, and going to your house, $10." These entries were rejected by the court, and their exclusion is now assigned for error. But it was plainly right. None of the entries were such as the law admits to be evidence of indebtedness to the person who made them. Books of original entries are evidence to prove a claim for goods sold and services rendered, if made in the regular course of business, but as they are evidence made by a party for himself, and very often incapable of being tested by other proof, they are to be guardedly received, and received only to prove a sale and delivery, or labour for the alleged debtor, for which the law implies a promise to pay. Cash is not, therefore, a proper subject of book charge, neither is interest or commission on cash. In this case the entry of 5 per cent. does not show whether the charge was for services, or interest or commissions. And the charge for visiting defendant's house at the request of T. Keagy, is insuffi-

[Hale's Executors *v.* Ard's Executors.]

cient to show indebtedness. The law implies no promise to pay for a visit of an attorney, made in compliance with an invitation. For aught that appears, the visit charged was one of friendship, without any intention of either of the parties at the time to assume the position of creditor, or debtor. And the charge for a fee in the case of Souder *v.* Lapsley was, standing by itself, no evidence of indebtedness by Dr. Ard. It did not appear that he had any connection with the case. Services rendered in the case were not, therefore, a proper charge against him unless rendered at his request, of which the book was no evidence. We are not called upon to decide now how far the books of an attorney, containing charges for professional advice, are evidence. Such charges were admitted here, and the defendants are not complaining. Were the question squarely before us, we should hesitate before pronouncing them receivable. The nature of such a service is peculiar. A book entry of it must be indefinite. There is no measure by which its value can be ascertained. Unlike physical labour, it is incapable of being guaged by the time it occupies, or by comparing it with other similar service with which a jury is supposed to be acquainted. Nor is it capable of such certainty in description as is essential to an ordinary charge for work done. No one would contend that a charge of a certain sum "for work" or "for merchandise," without specifying the work or the time consumed in doing it, or specifying the articles sold, would be admissible in evidence. It lacks certainty, and the utmost implication of the law, if any would be made, would be of a promise to pay the smallest possible sum. But a charge for advice is equally uncertain, and still more out of the usual course of business. It has been decided that literary labour is not a fit subject for book entries. It is not within the necessity that opened the door for the admission of a party's own books. In what respect does professional advice given by an attorney differ? Without, however, determining this matter finally, we content ourselves by holding that the entries rejected in the court below were not admissible.

The defence set up against the plaintiff's claim was mainly the Statute of Limitations, and it was to take out of the statute the whole or certain items of the account that the plaintiffs offered other evidence which was also rejected. Among other things it was proposed to give in evidence the record of a suit brought by Harrison against Ard, Milliken, and Alexander, to August Term 1853, which suit is still pending. The avowed purpose was to show, that Mr. Hale was the general legal adviser of Dr. Ard from 1849 to 1860; and also to show that the statute did not apply to one item in the account entered thus: "1853, June 5, to going to your house, and counsel in regard to claim of Harrison *v.* Ard, Milliken, and Alexander." The suit had not been

[Hale's Executors *v.* Ard's Executors.]

brought when the charge was made, and it did not appear that Mr. Hale was ever employed to attend to it. He did not appear as attorney on the record. It was not error, therefore, to exclude the evidence. The record did not tend to prove that the relation of attorney and client as to that suit was a continuing one, or that it ever had any commencement; and that Mr. Hale advised or rendered services respecting some matters of business, did not prevent the statute from running against his claim for other finished services, is too clear for doubt. His being continuing attorney in a particular suit, might save his claim for services in that suit from being barred, but not his claims for services generally. No more than this was decided in Foster *v.* Jack, 4 Watts 34. The doctrine of the plaintiff in error would fritter the statute away in most cases. It has no foundation in reason or in authority. Services rendered in any stage of the conduct of a single suit, may well be regarded as rendered in pursuance of the same contract; but advice or services at different times and respecting various matters cannot.

The same reasons justify the rejection of the offered testimony of Dr. A. S. Cummings, and Dr. Ard's will, as well as the charge of the court. The instruction given to the jury was entirely accurate.

It was also right to give judgment without costs. The plaintiffs recovered less than $100, and they filed no affidavit when the suit was brought. The defence was not defalcation, and the verdict shows that only $37.20 was due by the defendants when suit was brought. The plaintiffs' case is therefore strictly within the letter and spirit of the Act of Assembly. The account upon which the action was founded on its face showed that there could be no recovery of a sum not within a justice's jurisdiction; and if there was evidence to take the case out of the operation of the Statute of Limitations, or supposed to be sufficient, the right course was to make the affidavit required by the statute.

Judgment affirmed.