## Corr *versus* Sellers et al.

1. A book entry in the following form: "B. Corr, Dr. July 13th 1880. To repairing brick machine, $1,932.76," is inadmissible in evidence, being a lumping charge.

2. The general principles applicable to the admission or rejection of book entries in evidence stated and discussed.

3. *Semble*, that there is a limit to the amount for which a book entry will be received in evidence, although said limit is not in the present case fixed.

March 23d 1882.      Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas No. 4 of *Philadelphia county :*   Of January Term 1882, No. 239.

Assumpsit, by William Sellers & Co., against Bernard Corr to recover the price of certain repairs to a brick machine.

On the trial before THAYER, P. J., plaintiffs called their sales clerk, by whom their sales book or book of original entry was identified wherein was contained the following charge :—

"B. Corr, Dr."

"July 13th 1880.   To repairing brick machine, $1,932.76."

Plaintiffs then offered the book in evidence. Objected to by defendant because the charge was a lumping charge and did not particularize what the repairing consisted of, and because it was impossible for the defendant to know from said charge what amount of material, had been furnished or work or labor done in making said repairs, or whether the price was a reasonable and proper charge. Objection overruled. Evidence admitted.   Exception.

Verdict and judgment for the plaintiffs, whereupon the defendant took this writ, assigning for error the admission in evidence of the above book entry.

*M. Hampton Todd* and *James R. Booth*, for the plaintiff in error.

*John G. Johnson*, for defendants in error.

Mr. Justice MERCUR delivered the opinion of the court, October 2d 1882.

The specifications of error present a single question.   That is, whether the book of original entries was admissible for the

purpose offered? It was admitted under objection, to prove the following item:

"B. Corr, Dr."

"July 13th 1880. To repairing brick machine $1,932.76."

The first objection made to its admission was "because it was a lumping charge and did not particularize what the repairing consisted of, and it was impossible for the defendant to know from the said charge, what amount of materials had been furnished or work or labor done in making the repairs, or whether the price was a reasonable and proper charge."

The general rule is well established, that books of original entries, properly proved, are evidence of work and labor performed, and of goods sold and delivered. Yet to this general rule several exceptions have been recognized. Among them that the invoice-book of an agent is not evidence of the sale and delivery of goods: Cooper *v.* Morrel, 4 Yeates 341. Nor of goods to be delivered at a future day: Rheem *v.* Snodgrass, 2 Grant 379. Nor of work done, in an action for part performance under a special contract: Alexander *v.* Hoffman, 5 W. & S. 382; Eshleman *v.* Harnish, 26 P. F. Smith 97. Nor of the sale of a horse not in the course of the parties' business: Shoemaker *v.* Kellog, 1 Jones 310. Books of original entry were formerly received in evidence from necessity. Where the transaction from its nature admits of more satisfactory proof they should not be received. Id. Now, since the parties are competent witnesses in their own behalf, great care should be taken that there be no enlargement of the rule.

In several of the states by statute, books are competent evidence to prove an account not exceeding a sum specified. We have no statute on the subject, and so far as I am aware, this court has never stated any specific sum to be in excess of the amount which may thus be proved. This may arise from the fact that a book has never been offered in evidence here to prove an item of very large amount. We will not now designate the maximum sum for which a book may be received in evidence. We think, however, there must be some limit. Much more depends on the nature and character of the subject matter of the item, and on the evidence outside of the book, which naturally exists to prove the item. In Leighton *v.* Manson, 14 Maine 208, the book of original entries was held incompetent to prove an account of two charges for beef, bearing date the same day, one for 355 lbs., the other for 360 lbs. The exclusion appears to have been sustained by reason of the articles having been of such bulk and weight that they were not delivered without assistance, and, therefore, better evidence than the book was attainable. In Thomas *v.* Dyott, 1 Nott & McCord 186, it was declared that this species of evidence ought

[Corr v. Sellers.]

not to be allowed, where it is in the power of the party to produce other evidence. Hence, in Pelzer v. Cranston, 2 McCord 328, it was held that a school-master's books, though regularly kept, were not evidence to prove his account, as he must have had many witnesses at command, and the evidence of his books was, therefore, not necessary.

The rejection of the book to prove the sale of the horse, in Shoemaker v. Kellog, supra, appears to have been ruled chiefly on the ground that from the nature of the transaction, there must have existed other and better evidence of the sale.

The charges must be reasonably specific and particular. This is the more necessary, inasmuch, as when received, the books are prima facie evidence, both of the item charged, and the price or value carried out: Ducoign v. Schreppel, 1 Yeates 347; Baumgardner v. Burnham, 12 Norris 88. A general charge for work and labor of a mechanic, without any specification but that of time, cannot be supported by evidence of an entry on the book. Therefore, a bricklayer's charge of "190 days' work," was rejected: Lynch's Adm'rs v. Petrie, 1 Nott & McCord 130. So a charge of "13 dollars for medicine and attendance on one of the general's daughters, in curing the whooping cough," was rejected as too indefinite: Hughes v. Hampton, 2 Const. Rep. (O. S.) 745. An item in an account of "seven gold watches, $308," was held insufficient: Bustin v. Rogers, 11 Cush. 346.

It is contended that the entry on the book was admissible to charge the plaintiff in error, under the authority of Nichols v. Haynes, 28 P. F. Smith 174; and Feigel v. Latour, 1 W. N. 335. It is true the entry on the book was admitted in each of those cases: but not in either as the foundation of the plaintiff's claim; but rather as memoranda to aid or refresh the memory of the witness. In the former case it is expressly held that lumping charges in a book will not stand as evidence. In Baumgardner v. Burnham, 10 W. N. 445, it is again held that lumping charges for labor are not admissible where specially objected thereto. In that case the error was cured by reason of the objection not having been so made.

In the present case the objection was special and specific. It was to the lumping form of the charge. There was nothing therein to indicate the number of days, weeks or months of labor, claimed to have been performed on the machine, nor the price charged for any of them: nothing to show the kind, quantity, or value of the materials furnished, nor the price charged therefor. No item is given whereby the value of anything which entered into the repairs can be ascertained, and its correctness be tested. What share or proportion of the aggregate sum charged is for work or what for materials if any, is

not stated. A lumping charge of nearly two thousand dollars was thrown into the jury box, and the opposite party, without proof and without information, as to the items of which it was composed, required to defend against it.

We think the learned judge erred in admitting this book entry as evidence to charge the plaintiff in error with the amount thereof. The error was not cured by the general character of the evidence afterwards given; something more specific is necessary to prove the claim.

> Judgment reversed and a venire facias de novo awarded.