## Sabo v. Stefan.

*Statement of claim—Book entries.*

Books of original entries which conform to rules well established by the authorities will be received as evidence of the sale and delivery of goods, but books which on their face show that they are not books of original entries cannot be so received, and a statement of claim which avers that the action is upon such a book account will be stricken from the record; but leave will be granted to file a new statement within fifteen days from date if the claim can be proved *aliunde*.

*Assumpsit.* Rule to strike statement from the record. C. P. Northampton Co., June T., 1921, No. 83.

*Albert Kahn,* for plaintiffs; *Charles P. Maxwell,* for defendant.

STEWART, P. J.—This is a rule upon plaintiffs to show cause why the statement of claim should not be stricken from the record. It is provided by the Practice Act of May 14, 1915, P. L. 483, that every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim. This is the test that we must apply to the plaintiffs' statement. The first paragraph sets forth a sale by the plaintiffs to the defendant of certain goods and merchandise in the amounts and for the prices set forth in a true and correct copy of the plaintiffs' books of original entry, attached to the statement and made a part thereof and marked Exhibit A. Then follows the usual averment as to the prices charged. The third paragraph sets forth that the plaintiffs loaned the

defendant several sums of money, as set forth in the copy of said books of original entry and marked Exhibit A aforesaid. The fourth paragraph alleged that the *said* account was opened by the defendant with the plaintiffs in the year 1914, etc. The fifth paragraph alleges that the defendant paid on account certain sums, as set forth in Exhibit A aforesaid. The sixth paragraph alleges that the plaintiffs have demanded payment of the sum due, and that defendant refused to pay same. It will thus be seen that the pleader declares upon a book account. When we turn to Exhibit A, we find that the alleged copy contains no dates at all. Some of the items are cash, another item is fine paid in city court, another item is peddler license in Alpha, N. J., another item is funeral expense to D. P. Curran, another item is price of goods, and underneath it are six items marked with ditto marks. That is to say, these items are not the subject of charge. Some of them are also lumping charges. See, as to the nature of the items, Hale's Executors *v.* Ard's Executors, 48 Pa. 22; Fulton's Estate, 178 Pa. 78, and Hall *v.* Smitheman, 26 Dist. R. 203. There could be no recovery in this suit upon the introduction of the said book, for reasons which are set forth in the following cases and many others. We shall not quote at length from the cases which deal with the subject of books of original entry. Those cases are: Ducoign *v.* Schreppel, 1 Yeates, 347; Curran *v.* Crawford, 4 S. & R. 2; Crouse *v.* Miller, 10 S. & R. 155; Lonergan *v.* Whitehead, 10 Watts, 249; Churchman *v.* Smith, 6 Wharton, 146; Shoemaker *v.* Kellog, 11 Pa. 310; Corr *v.* Sellers et al., 100 Pa. 169; Hall & Co. *v.* Chambersburg Woolen Co., 187 Pa. 18, and Scranton Trust Co. *v.* Hartshorn, 36 Pa. Superior Ct. 208. In Vallee Brothers Electrical Co. *v.* North Penn Iron Co., 32 Pa. Superior Ct. 111, Judge Head, following a quotation from an early case, as follows, "From the first settlement of the country, books of original entries, verified by the oath of the party, have been received as evidence of the sale and delivery of goods; . . . the evidence has been admitted from necessity; for, according to the usual mode of doing business, the sale and delivery being contemporaneous acts, commonly take place when no other persons are present, and are, consequently, susceptible of no other proof," said: "If the application of this rule was thus held to be necessary in early days, when commercial transactions were comparatively few in number and small in amount, it is not apparent why it should now be relaxed or abandoned when such transactions have increased in number and amount a thousand fold. If the modern manufacturer or jobber in a large city, who ships his goods to purchasers scattered through a dozen states and usually upon written orders, must be prepared, before he can collect an account, to transport his entire office and shipping force to a remote county seat in a distant state to prove by living witnesses the shipment or delivery of goods ordered, a condition wholly intolerable and destructive of business would result." It may be remarked that in no case is defendant's entry admissible: Stuckslager *v.* Neel, 123 Pa. 53; Hottle *v.* Weaver, 206 Pa. 87; McKnight *v.* Newell, 207 Pa. 562, and Murphy *v.* McMullin, 219 Pa. 506. The learned counsel for the plaintiffs, however, stated to the court that his statement of the case was exactly as the facts were. That is to say, he stated that all the plaintiffs had was the book from which Exhibit A was taken. It does not follow that they have no case, even if the book cannot go to the jury, and even if the book has not the probative force of a properly kept book of original entries. In Dialogue *v.* Hooven, 7 Pa. 327, it was held: "Where a witness has made an entry of the delivery of goods in a book, he may read the entry to a jury, with his evidence proving the delivery." In Nichols et al. *v.* Haynes, 78 Pa. 174, it was held: "Lumping charges in a book would not stand as evi-

Sabo v. Stefan.

dence, but the testimony of the party that the entry was composed of items known to him to have been furnished would be competent to go to the jury. The party's knowledge that the sum was correct would make it evidence; the credibility as to it would be for the jury." In Adams *v.* Columbian Steamboat Co., 3 Wharton, 75, it was held: "The book of original entries of a party claiming for goods sold, or work and labor done, is not the best or only evidence of the claim, which may be proved *aliunde.*" That case is very similar to the present case. The plaintiff was called, and by his own testimony proved his case. The defendant's counsel called for the production of the plaintiff's book of original entries, which were read to the jury, and the defendant's counsel then presented a point to the effect "that if the book of entries did not sustain the claim filed, the plaintiff cannot recover." Mr. Justice Huston said on this point: "As to the last error assigned, that the court ought to have told the jury, the evidence was not sufficient to sustain the plaintiff's action. It is a mistake, as it appears to me, of the vital principle of trial by jury. The court decides matters of law; the jury matters of fact. In this case, witnesses proved every item of the claim. To be sure, except as to the two horses, there was no express promise to pay; but where the buyer is known and is in good credit, what merchant or mechanic or auctioneer asks the purchaser if he will pay? Or whoever did more than order the article or bid at the auction? The transaction includes the promise to pay, if the article is obtained. I will not say it is inferred. Though nothing is said, the transaction is itself a promise, as distinctly understood as if uttered; but if it was an inference, still it is for the jury and not for the judge." If the fact be that the plantiffs, by themselves or their witnesses, can prove the sale of these various articles, and loan of money, there is no reason why they may not recover, but their statement should set forth the facts as they are in conformity with the Practice Act quoted above.

And now, Oct. 31, 1921, rule is made absolute and statement is stricken from the record. Leave is granted to file a new statement within fifteen days from this date.

From Henry D. Maxwell, Easton, Pa.