## Spector et al. v. Walcot Manufacturing Company.

*Practice, C. P.—Pleading—Action on book account—Statement of claim— Averment that contract was oral—Practice Act of May 14, 1915, P. L. 483.*

1. In an action upon a book account, the statement must aver whether the contract was oral or in writing, in accordance with section 9 of the Practice Act.

2. The statute does not distinguish between an express and an implied contract, but only between an oral and a written one.

3. The averment is especially material where a book account is pleaded, because such a statement cannot be based upon a written contract.

Motion to strike off statement. C. P. No. 4, Phila. Co., Dec. T., 1927, No. 178.

*George T. Steeley*, for plaintiffs; *Joseph S. Conwell*, for defendant.

FINLETTER, P. J., March 23, 1928.—The plaintiff pleads a copy of book entries, coupled with an averment that "at the special instance and request of the defendant, the plaintiff did perform certain services and work, and did sell and deliver to the defendant certain material and supplies, as would more fully appear" in copies of his books of original entry attached.

Defendant moves to strike off the statement because it contains no allegation whether or not the contract sued upon was oral or written, nor any copy, if in fact there was a writing.

There seems to be some diversity of view throughout the State about the necessity of these averments in suits upon book accounts.

The decisions in Hine *v.* Horn, 30 Dist. R. 499, and Machine Co. *v.* Clay Co., 29 Dist. R. 753, give the opposing views on the subject.

In the first-mentioned case it was said: "Charges made in a book of original entry import both sale and delivery of the goods to the defendant, and it is that which in a suit upon a book account constitutes the plaintiff's cause of action. Except what the law implies, there is no contract, written or oral, about it, and, therefore, there is nothing to be averred on the subject under

the provisions of the Practice Act. . . . It might be added that the view here contended for by the defendant would lead to self-evident practical difficulties; the avoidance of which by interpretation of the statute would seem warranted by the principle *argumentum ab in convenienti plurium valet in lege*."

The same ruling was made in Bartlett Garages v. Kaier, 15 Schuyl. Legal Rec. 81, and Raub Supply Co. v. Forrest, 5 D. & C. 678.

In Machine Co. v. Clay Co., *supra*, it was said: "We cannot agree (that an action on a book account does not fall within section 9 of the Practice Act). It is clearly upon contract. The statute does not distinguish between an express and an implied contract, but only between an oral and a written contract. . . . A purchase over the counter makes an oral contract. A purchase by correspondence a written contract."

This view was taken also in Philadelphia Gear Co. v. Climax Machine Co., 29 Dist. R. 493, and in Binghampton Co. v. Nicholas, 2 D. & C. 603. And it seems to us to be the better view.

The statute is most explicit. Section 9 provides: "In actions upon con-contracts it (the statement) shall state whether the contract was oral or in writing." And section 5: "Every pleading shall have attached to it copies of all notes, contracts, book entries upon which the party pleading relies for his claim."

An action upon a book account is based upon a sale and delivery of goods, or upon work and labor done: Lonergan v. Whitehead, 10 Watts, 249; Corr v. Sellers, 100 Pa. 169. We cannot agree with the argument that there is no contract involved in such a case. There must have been an order for the goods and its acceptance. This is a sale, and a sale is a contract.

The "practical difficulties" referred to in Hine v. Horn, *supra*, which would justify omitting the averments expressly required by the statute, do not seem to be large, for there is nothing in the statute that precludes the use of the entries in the statement. If the goods were ordered by word of mouth, all that would be needed in addition would be an averment that the suit is based on an oral contract. On the other hand, if they were ordered in writing, or delivered on a written contract, book entries would not be admissible.

We fear that it is not "interpretation" of the statute, but judicial repeal, which leads to the result that the 9th and 5th sections need not be followed.

Again, an averment that the contract is oral is essential to an action upon a book account, because no such action can be maintained upon a written contract.

"Book entries were admitted as evidence of the sale and delivery of goods from necessity, because, according to the usual mode of doing business, the sale and delivery commonly took place when no other persons (than the buyer and seller) were present, and, consequently, the transaction was susceptible of no other proof." (The parties being, at the time the rule to admit entries was established, disqualified as witnesses on the ground of interest.) "But there is no case where such testimony has been admitted to prove delivery of an article made in pursuance of a previous contract:" Lonergan v. Whitehead, 10 Watts, 249. Where the contract is in writing, the reasons for the admission of book entries do not apply, for "there is no necessity to resort to such proofs. Delivery can easily be proved by disinterested witnesses:" Lonergan v. Whitehead, *supra*.

In other words, book entries are only admissible, either in pleading or as evidence, in connection with sales and deliveries, where the transaction is analogous to a sale across the counter: Shoemaker v. Kellog, 11 Pa. 310.

Spector et al. *v.* Walcot Manufacturing Company.

They are not admissible to prove transactions based on written executory contracts: Alexander *v.* Hoffman, 5 W. & S. 382; Eshleman *v.* Harnish, 76 Pa. 97; Hall *v.* Woolen Co., 187 Pa. 18. Nor sales of goods to be delivered at a future day: Corr *v.* Sellers, 100 Pa. 169; Rheem *v.* Snodgrass, 2 Grant, 379.

There is, then, a real necessity for an averment in the statement that the contract was oral, for, if it were in writing, the suit should be brought directly upon the contract.

We, therefore, make absolute the rule to strike off the statement. Plaintiff has leave to file a proper statement within thirty days.