## McKeesport Insurance Agency, Inc. v. Kolessar

*John E. Costello*, for plaintiff.

*J. D. Costa*, for defendant.

SWEET, P. J., March 9, 1965.—Suit was filed in assumpsit for insurance policies sold and delivered by plaintiff, McKeesport Insurance Agency, Inc., a corporation, to defendant, George R. Kolessar, trading as United Motor Sales. About 10 different types of policies over a period of six years were involved. The suit was for a balance of $2,884.49 plus interest. De-

fendant took preliminary objections asserting that the complaint was not sufficiently specific. In his brief, defendant raised the more valid ground that the action was on book account.

The complaint was supported by voluminous machine type entries, six pages in length, was hastily drawn and patterned after the familiar common count for goods sold and delivered. It was set up in the fashion of book account.

The case law seems pretty clear that this is not the way for an insurance agent to collect premiums on policies of insurance placed by a plaintiff for a defendant. This precise question came up in Buch and Myers v. Good, 21 D. & C. 474 (1934), Lancaster County. It was squarely held that book account was not proper. Book entries have been referred to as a dangerous kind of evidence at best, because they are merely declarations in the parties own interest, and it has been stated that the rule admitting them would be strictly confined to the necessity which gave rise to it.

The same question came up in Reed v. Schumacher, 27 D. & C. 247 (1936), Schuylkill County. In a case similar to this one, that court said, "The action should be on defendant's contract for the purchase of insurance." And also, "An action on a book account is for goods sold and delivered or for work and labor performed. Policies of insurance are not goods; they are contracts."

There is a long review of much of the law in this field in Stoneroad Estate, 19 D. & C. 2d 493 (1959), Allegheny County Orphans' Court. The problems, intellectual and practical, relying on book account, where it is not necessary to do so, are carefully reviewed here. See also Shoemaker v. Kellog, 11 Pa. 310 (1849), Hale's Executors v. Ard's Executors, 48 Pa. 22 (1864), and Hall v. Smitheman, 26 Dist. R. 203 (1916).

The following was said in Freedman v. Mutual Life Insurance Co. of New York, 342 Pa. 404, 413 (1941); "The rigid limitation upon the shop-book rule, whereby tradesmen were permitted to show the number and price of materials furnished and the value of services rendered, are self-explanatory. They were made necessary by the ever present possibility of fraudulent self-serving entries which might be relied upon to advance false claims against those who had no opportunity to inspect or correct the books. The reluctance of the courts to extend this rule to claims for professional services, the value of which might well be difficult of ascertainment and demonstration, is understandable."

Since the placing of insurance is a professional service and policies of insurance are not goods, we are unable to sustain the complaint on its present theory. The "brief" of plaintiff, citing no cases, has not helped us refute these contentions. Accordingly, the complaint is struck off, without prejudice to the right of plaintiff to amend the same, if he so desires, within 30 days.