## McBride v. Davis

*Joseph Labrum,* for plaintiffs.

*Harry Dunn,* by *Stanton Miller,* for defendant.

REED, JR., J., December 28, 1972.—Plaintiffs, defendant and others formed a partnership known as "Aston Arms Apartments." Plaintiffs, without joining the other partners, have filed this suit by complaint in assumpsit, alleging breach of a construction contract entered between all the nine partners and defendant, who is also a partner, individually as their general contractor. Defendant filed preliminary objections setting forth three objections: (1) to strike the complaint; (2) in the nature of a demurrer; and (3) for more specific pleadings. The latter two have not been presented for disposition.

Defendant's first preliminary objections to plaintiff's complaint, in the nature of a motion to strike, questions the right of plaintiffs to sue individually to enforce a partnership interest. Plaintiffs thereupon filed a petition for rule to show cause why they should not be allowed to force compulsory joinder of the unnamed partners. To this petition defendant also filed a preliminary objection, contending: That since the remaining partners have not requested permissive joinder under Pennsylvania Rule of Civil Procedure 2229, and since the substantive partnership law does not permit compulsory joinder under Pa. R.C.P. 2227, plaintiffs, therefore, cannot effect the necessary joinder and the complaint should be stricken for lack of joinder of necessary parties. The question before us is whether or not defendant is correct in his contention, or, to state it another way, can plaintiffs force compulsory joinder of their copartners.

According to the partnership agreement, the nine partners formed their partnership to build and operate an apartment complex in Aston Township, Delaware County, Pa. Pursuant to this objective, the partnership contracted with their copartner-defendant here, Harry

B. Davis, individually as general contractor, to do the construction work for a total consideration of $954,000. Defendant was also the partnership's managing partner and, as such, expended a total of $1,130,508.80 of partnership funds in furtherance of the construction contract. These two partner-plaintiffs seek to recover the difference, $176,408.80, from defendant in damages, alleging he overpaid himself as their contractor. Plaintiffs seek to recover what are, in fact, partnership funds and for the benefit of the partnership.

We assume for these purposes that the unnamed partners are unwilling plaintiffs. Compulsory joinder of partners as unwilling plaintiffs is required under Pa. R.C.P. 2227:

"(a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants" and is permitted under that same rule 2227:

"(b) If a person who must be joined as a plaintiff refuses to join, he shall, in a proper case, be made a defendant or an involuntary plaintiff *when the substantive law permits* such involuntary joinder." (Italics supplied.)

Plaintiffs have sued in their individual capacity, but assert an interest jointly shared with the other partners, and by this suit they seek to protect the joint interest of the partnership: Vinal v. West Virginia Oil & Oil Land Co., 110 U.S. 215, 4 S. Ct. 4, 28 L. Ed. 124 (1884); Zion v. Sentry Safety Control Corp., 258 F.2d 31 (3rd Cir., 1958); Crosby v. Hammerling, 170 Fed. 857 (D. Pa., 1909); Schnader v. Schnader, 26 Pa. 384 (1856); 68 C.J.S., §208.

If this suit is to be continued, therefore, it must be brought in conformance to the dictates of Pa. R.C.P. 2127(a):

"(a) A partnership having a right of action shall prosecute such right in the names of the then partners trading in the firm name, in the following manner: 'A, B and C trading as X & Co.' "

The only way plaintiffs can continue is then by compulsory joinder of the other partners, and that under Pa. R.C.P. 2227(b), supra, if the substantive law permits compulsory joinder.

The footnote to Pa. R.C.P. 2227(b) suggests compulsory joinder is permitted by the substantive law, where:

"(3) The willing plaintiff and the unwilling person are joint tenants or tenants by the entireties and the action is brought to preserve or recover the jointly owned property or damages for injury to such property." (Citations)

The personalty of a partnership is not owned by the partners individually but by the partnership itself. Each partner by the contract is possessed *per my et per tout,* that is, the interest of each extends to every portion of partnership property and is a joint interest in the whole and not a separate interest in any particular part: 60 Am. Jur. 2d, Partnerships §83. The rights in the contract in issue are the joint property of the partners, and the duties created by the contract are joint obligations of the partners, the Uniform Partnership Act of March 26, 1915, P. L. 18, sec. 15, 59 PS §37 (b), which represents a codification of the common law rule that partnership contracts are joint only and not "joint and several": 60 Am. Jur. 2d, Partnerships §160.

In actions ex contractu, all obligees having a joint interest must be joined as plaintiffs in any action arising from breach of that contract, and, if their consent cannot be obtained, compulsory joinder as defendants or coplaintiffs is allowed: 59 Am. Jur. 2d Parties §107;

60 Am. Jur. 2d., Partnership §325; see also Law of Partnership, Crane and Bromberg, page 329.

Plaintiffs have the right to amend the caption of their complaint to include as plaintiffs the remaining involuntary or unwilling copartners, by this procedure:

" 'If a person who must be joined as a plaintiff refuses to join, he shall, in a proper case, be made a defendant or an involuntary plaintiff when the substantive law permits such involuntary joinder.' Appellees contend that the joinder is improper because, among other reasons, no proceedings were instituted under the Pennsylvania Rules of Civil Procedure to join the two involuntary plaintiffs. However, although cases on this subject are few and hoary, it appears that nothing need be done save include the involuntary plaintiffs on the caption of the complaint. (citations)": Onorato v. Wissahickon Park, Inc., 430 Pa. 416, 420, 244 A.2d 22, 24 (1968).

It would be anomalous and grossly unjust if one or some partners could be left without remedy to pursue a proper cause of action because other partners, or, reducing it to final logic, only a single partner, refused or declined to join as plaintiffs with them. Compulsory joinder is permitted, but the unwilling partners as involuntary plaintiffs are not left without protection, for they have a right of indemnity for costs from the party making use of their names: Baker v. Keystone Coal Co., 14 Luz. 5 (1907).

We recognize that defendant's outstanding preliminary objections in nature of a demurrer and for more specific pleading remain unresolved, because they were not presented to this court for resolution. Nevertheless, our conclusion here allows plaintiffs to file an amended complaint, and we conclude that better practice dictates the dismissal of all defendant's preliminary objections to plaintiffs' original complaint,

without prejudice to defendant to file preliminary objections to the amended complaint.

## ORDER

And now, December 28, 1972, it is ordered and decreed that all preliminary objections of defendant to the plaintiffs' complaint and petition for rule to show cause are dismissed and plaintiffs' rule to show cause is made absolute, and plaintiffs are hereby granted leave within 20 days to file an amended complaint in conformance with Pa. R.C.P. 2127(a) and this opinion, without prejudice to defendant to file preliminary objections to plaintiffs' amended complaint.