# Fenn and Wife *versus* Early et al.

1. The provision of the Act of April 1st, 1874 (P. L., 50), limiting the time within which a writ of error may be sued out, does not apply to a *feme covert*.

2. In an action in assumpsit to recover commissions on the sale of the real estate of the wife, brought against the husband and wife to charge her separate estate, it is not sufficient to allege that it was sold for her use, and at her instance and request. In some suitable language the necessity therefor must also be averred in the statement or *narr*.

3. To sustain a common law action against a husband and wife, with a view of charging the separate estate of the wife, facts must be averred in the *narr*, and proved on the trial, sufficient to bring the case within the Act of April 11th, 1848. It is not sufficient that a cause of action be proved, it must also be set forth in the *narr*.

4. Commission on the sale of a house is not a proper subject of a book account, to be proved by the production of the book as one of original entry.

5. A statement of items, not proper subjects of book account, copied from books averred to be books of original entry and filed in the case, is not within the rule requiring an affidavit of defence when "a copy of book entries" is filed.

May 5th, 1886.   Before MERCUR, C. J., GORDON, PAXSON, STERRETT, GREEN and CLARK, JJ.   TRUNKEY, J., absent.

ERROR to the Court of Common Pleas of *Cumberland county :* Of January Term 1886, No. 460.

This was an action in assumpsit, brought by Amos Early and Elias E. Kinzer, doing business as Early & Kinzer, against James V. Fenn and Rebecca J. Fenn, his wife, upon a book account.   The plaintiff filed the following statement and copy of book account :

The defendants having been summoned to answer the plaintiffs of a plea of assumpsit, the said plaintiffs hereby state their demand against the said defendants to be founded upon a certain book account for work and labor done, services rendered, and moneys paid, laid out and expended by said plaintiffs for the use of said defendant Rebecca J. Fenn, wife of said James V. Fenn, as per copy of said book account hereto attached, verified by the oath of said E. E. Kinzer, on behalf of said plaintiffs, and made part hereof; and said plaintiffs hereby certify the said sum of $315.65 to be justly due from said defendants to said plaintiffs, and unpaid, with lawful interest thereon from the said 14th day of December, 1880.

And the said plaintiffs further hereby state their demand against the said defendants to be founded upon a claim for work and labor done for and in relation to the sale of the real estate of said Rebecca J. Fenn, of which she was the owner at the time when said work and labor was done, as per said copy of book account, and at her instance and request; and the said plaintiffs certify the said sum of $315.65 to be justly due them from said defendants as aforesaid, with lawful interest thereon from said 4th December, 1880.

Mrs. R. J. Fenn    To Early & Kinzer, Dr.

| | | |
|---|---|---|
| 1877. Feb. 28th, To numbering two houses on Vernon street, | | 40 |
| March 1st, To advertising Vernon street houses three months, | | 4 00 |
| 27th, To cash paid for fixing locks, | | 25 |
| 31st, To advertising Walnut street house, | | 15 00 |
| 1878. April 26th, To advertising Third street house in two papers, | | 18 00 |
| June 18th, To commission on sale of Walnut street house at $14,000 at 4 per cent., | | 560 00 |
| 1879. Jan. 28th, To advertising Third street house second time, two papers, | | 18 00 |
| | | $615 65 |

[Fenn and Wife *v.* Early et al.]

1879. Sept. 24th, Cr. by note at Harrisburg National
          Bank at 60 days, drawn by Mrs.
          E. A. Gilcrist to our order
          for . . . . . . . $180 00
          Cr. by cash, . . . .     20 00
1880.   Dec. 4th, By cash per Rebecca J.
          Fenn, . . . . .     100 00—300 00

                                        $315 65

Interest from December 4th, 1880.

This account was verified by the affidavits of the plaintiffs, who also deposed that it was a true copy of their book of original entries.

Judgment was taken by the plaintiffs for want of an affidavit of defence, May 26th, 1883, for $361.42, with interest from May 25th, 1883.

The record shows the following :

May 26th, 1883, affidavit of defence filed.

May 28th, 1883, W. F. Sadler appears for plaintiff.

May 29th, 1883, on petition of James V. Fenn, rule granted to show cause why judgment should not be stricken off or opened, returnable June 13th, 1883.

June 13th, 1883, answer to rule filed.

August 22d, 1883, rule discharged.

April 12th, 1884, on petition of defendants, rule granted to show cause why judgment should not be stricken off, &c., returnable April 21st, 1884.

April 28th, 1884, answer of respondent filed.

September 28th, 1885, supplemental answer filed.

January 5th, 1886, opinion of BARNETT, J., filed, discharging rule to open judgment, &c.

April 2d, 1886, writ of error filed.

The defendants took this writ, assigning for error the judgment of the Court in entering judgment for want of an affidavit of defence, and in refusing to strike off or open said judgment.

The defendants in error moved to quash the writ of error because not sued out within two years from the entry of the judgment, as required by the 1st section of the Act of April 1st, 1874.

*E. W. Biddle* and *S. Hepburn, Jr.* (*Fleming & McCarrell* with them), for plaintiffs in error.—The rule requiring an affidavit of defence so far as book accounts are concerned, refers of course only to such items as are the legal subject of book entries, and as are susceptible of proof by books of original. entry. The account in this case is not for goods sold and de-

[Fenn and Wife *v.* Early et al.]

livered, nor for work and labor done, and we confidently sub-mit that not a single item of the account is a proper subject for book entry, or susceptible of proof by books of original entry. The first item is, " To numbering two houses on Ver-non street, 40." The plaintiffs were not engaged in painting or numbering houses. Their business, so far as it can be gath-ered from the pleadings, was that of selling real estate, or real estate brokers. The first item manifestly means cash paid for numbering houses. The same is true of the four items for advertising houses. That cash payments cannot be proven by books of original entry is too well settled to admit of discus-sion. The only other item in this account is the 4 per cent. commission on the sale of the Walnut street house. The amount of these commissions depended upon the contract between the parties, and could not be proven by entries which one party chose to make in his books. There is no allegation or affidavit in the statement of claim filed that the defendants, or either of them, ever agreed to pay these com-missions.

In Hale's Executors *v.* Ard's Executors, 12 Wr., 22, it is ruled that " an item of commission for collecting a sum of money is not a proper subject for a book charge." This de-cision is settled law and has been universally followed. Greal *v.* Noll, 1 W. N. C., 26, decides that commissions of a broker for sale of real estate are not proper subjects of a book charge. This was a Common Pleas case decided by Judges PAXSON and FINLETTER.

To the same effect precisely are McStay *v.* Dugan, 2 W. N. C., 226, and Sylvester *v.* Thompson, 11 Id., 203 ; Hadley *v.* Fitler, 12 Id., 461.

The book of original entries was not proof of the plaintiffs' claim, and the only affidavit filed was to the effect that the account was a correct copy of the books of original entry. Surely this was not the proof required by the statute to sus-tain a judgment against a married woman.

In Parker and Wife *v.* Kleeber & Brother, 1 Wr., 251, it is ruled that " no definition of family necessaries can be given, but must be left to the jury in each case as it arises."

Following this decision it has been ruled that judgment cannot be taken against a married woman for want of an affi-davit of defence : Scott *v.* Wilmer, 1 W. N. C., 41 ; Eisen-berry *v.* Negus, 2 Id., 445 ; Cooper *v.* Wallace *et ux.*, 7 Id., 468 ; Debraham *v.* Walker *et ux.*, 3 Id., 26 ; Lippincott and Wife *v.* Hopkins, 7 P. F. S., 328 ; Lippincott *v.* Leeds, 27 Id., 422.

We confidently submit therefore that the learned judge erred in deciding that the statement of the cause of action

was sufficient to support the judgment, and that the judgment must be stricken off because the declaration does not contain the necessary averments and proof to sustain it. The absence of these averments in the declaration, we respectfully contend, renders the judgment void.

*Francis Jordan* (*James M. Weakley* with him), for defendants in error.—The defendants in error move to quash the writ in this case because not sued out within two years from the entry of the judgment, as required by the 1st section of Act of April 1st, 1874: P. L., 1874, p. 50; Dig., Vol. 1, p. 702, § 2.

As a matter of fact, and as shown by the record, the judgment in this case was entered May 26th, 1883; and the same record discloses the fact that the writ of error was not taken or sued out until April 1st, 1886, nearly three years after the entry of the judgment.

The application of the defendants below was an appeal to the equitable discretion of the Court to open the judgment; and as such, we submit, is not reviewable: Reigel *v.* Wilson, 10 P. F. S., 388; Wernet's Appeal, 10 Norris, 319; Hill *v.* Irwin, 8 Casey, 314; Commonwealth *v.* Howard, 11 W. N. C., 81–82.

Mr. Chief Justice MERCUR delivered the opinion of the court, October 4th, 1886.

Inasmuch as the plaintiff in error is a *feme covert*, the statute limiting the time within which a writ of error may be sued out, does not apply to her. The motion to quash the writ is, therefore, denied.

The main contention is, whether the statement filed is sufficient to support the judgment? The claim is to recover a judgment *in personam* against the husband and wife for work and labor done and money expended, in relation to the sale of the real estate of the wife, at her instance and request.

The proviso to the Act of 11th April, 1848, gives no express authority to a married woman to bind her separate estate by contract for the improvement or repair of her real estate. This power is only constructively within the Act: Heugh *v.* Jones *et ux.*, 32 Pa. St., 432; Murray *et al. v.* Keyes *et ux.*, 35 Id., 384; Shannon *v.* Shultz, 87 Id., 481.

To sustain a common law action against a husband and wife with a view of charging the separate estate of the wife, facts must be averred in the *narr*, and proved on the trial, sufficient to bring the case within the Act. It is not sufficient that a cause of action against the wife be proved, it must also be set forth in the declaration: Murray *et al. v.* Keys *et ux.*, *supra;*

[Boyd v. Insurance Patrol of Philadelphia.]

Parke and Wife *v.* Kleeber *et al.*, 37 Id., 251. When the attempt is to charge the real estate of a married woman by a mechanic's lien, the same rule applies : Shannon *v.* Shultz, *supra*; Kuhns *v.* Turney, Id., 497 ; Loomis *v.* Fry, 91 Id., 396.

A judgment against a married woman which does not affirmatively show her liability on a contract within the statute, is void, and a sheriff's sale of her property on execution issued thereon will confer no title on the purchaser : Hecker *v.* Haak, *supra*, 238 ; Hugus *v.* Dithridge Glass Company, 96 Id., 160.

Applying these rules of law to the record in this case we find it clearly defective. It contains no averment that the debt was contracted for any act done that was necessary for the use, enjoyment or preservation of her property, or that its condition or value was such as to make a sale thereof necessary or even advisable for her advantage or profit. It is not sufficient to allege it was done for her use, and at her instance and request. In some suitable language the necessity therefor must also be averred in the statement or *narr.* No such language is contained in this statement.

We also think the items contained in the copy of the alleged book account filed, are not within the meaning of the rule requiring an affidavit of defence to be put in. The principal item is for commission on sale of a house. This is not a proper subject of a book charge to be proved by the production of the book as one of original entry : Hale's Executors *v.* Ard's Executor's, 48 Id., 22. Other items are manifestly for money paid. The fact that the statement of the account is copied from books which the plaintiff below avers to be his books of original entries, does not cure the defect. If the entries had no legal standing there to charge the defendant, a copy thereof cannot give to them additional force. If they were not originally proper subjects of book account, they have not become so since, and therefore are not within the rule requiring an affidavit of defence when " a copy of the book entries" is filed.

Judgment reversed and a *procedendo* awarded.