# Wissahickon Mutual Fire Insurance Company *v.* Wannemacher.

*Evidence—Book entries—Insurance company—Principal and agent.*

In an action by a receiver of an insurance company against agents of the company for moneys collected on policies entrusted to them, a book account attached to the statement of claim is properly rejected where it appears (1) that the action was not based upon a book account, but for moneys collected; (2) that the account upon its face showed it to be a ledger account with balances struck, and not an account taken from a book of original entries; (3) that the items of the account being charges for premiums collected were not the subject of book entry as recognized by universal usage; (4) and that by the statement itself and the evidence in the case, the relation subsisting between the plaintiff and the defendant under which the policies were delivered to the latter was under a special contract.

*Insurance—Principal and agent—Accounts—Evidence—Cross-examination.*

In an action by the receiver of an insurance company against agents of the company, where the only witness is one of the defendants who was called as for cross-examination by the plaintiff, and the witness without contradiction fully explains and accounts for each and every item contained in an exhibit attached to plaintiff's statement, the court is justified in granting a nonsuit, and in refusing subsequently to take it off.

Argued Oct. 8, 1900.    Appeal, No. 156, Oct. T., 1900, by plaintiff, from order of C. P. No. 4, Phila. Co., Sept. T., 1897, No. 199, refusing to take off nonsuit in case of the Wissahickon Mutual Fire Insurance Company in the hands of the Commonwealth Title Insurance and Trust Company, Receiver, v. Charles R. Wannemacher and Robert Wannemacher, trading as Wannemacher and Company.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D . PORTER, JJ.    Affirmed.

Assumpsit to recover premiums collected by agents.
The plaintiff's statement was as follows.

### STATEMENT OF CLAIM.

The Wissahickon Mutual Fire Insurance Company in the hands of the Commonwealth Title Insurance and Trust Company, receiver, plaintiff, claims of the defendants, Charles R.

Wannemacher, Henry Wannemacher and Robert Wannemacher, trading as Wannemacher and Company, the sum of $92.93, with interest thereon from December 1, 1896, which is justly due and payable to the defendants upon the cause of action whereof the following is a statement:

The plaintiff claims of the said defendants the said sum for moneys collected by defendants on behalf of the said the Wissahickon Mutual Fire Insurance Company, at the times and in the amounts specified in the following true copy * of plaintiff's original account with the defendants, taken from plaintiff's book of original entries, wherein said entries are charged against said defendants:

And the plaintiff avers that the said sum of $123.90, less twenty-five per cent commissions due defendants as brokers in placing said insurance on behalf of the Wissahickon Mutual Fire Insurance Company, amounting to $30.97, leaving a balance of $92.93, is justly due by defendants to plaintiff.

And the plaintiff further avers that the said Charles R. Wannemacher, one of the above named defendants, was the secretary of the Wissahickon Mutual Fire Insurance Company during the whole period covered by the foregoing account, and that all of said entries were made under his supervision and by his direction and instruction to the bookkeeper employed by the said the Wissahickon Mutual Fire Insurance Company.

And plaintiff is informed and believes and therefore avers that all of said policies were issued by the said insurance company at the instance and request of defendants and on their liability, and that said defendants have collected and received the premiums due on said policies as appear in the foregoing entries, whereby defendants became liable to pay said sums less their commissions, and promised so to do, and though often requested so to do have failed to pay said sum or any part thereof.

At the trial plaintiff offered in evidence the account attached to the statement.   Objected to.   Objection sustained and exception. [1]

Plaintiff then called Charles R. Wannemacher as for cross-examination.   The witness explained and accounted for all of

---

* See pages 582, 583, 584 and 585.

WANNEMACHER & COMPANY.

**Dr.**

| 1895. | | | |
|---|---|---|---|
| May 9. | To Pol. 42, 2 | . . . . . . | $25 00 |
| " " | 95, 4 | . . . . . . | 16 67 |
| July 12. | 111, 5 | . . . . . . | 22 50 |
| " 13. | 117, " | . . . . . . | 16 50 |
| " 18. | 119, " | . . . . . . | 21 00 |
| " 19. | 121, 6 | . . . . . . | 15 00 |
| " 18. | 125, " | . . . . . . | 37 50 |
| " 31. | 126, " | . . . . . . | 17 50 |
| " 29. | 127, " | . . . . . . | 10 00 |
| Sept. 9. | 153, 7 | . . . . . . | 29 37 |
| Aug. 21. | 154, " | . . . . . . | 11 25 |
| " 24. | 155, " | . . . . . . | 10 00 |
| Sept.19. | 167, 8 | . . . . . . | 40 00 |
| Oct. 8. | 206, 9 | . . . . . . | 8 92 |
| Nov. 16. | 233, 11 | . . . . . . | 21 20 |
| " " | 121, 15 | . . . . . . | 45 |
| Dec. 10. | 260, 12 | . . . . . . | 21 00 |
| 1896. | | | |
| Jan. 9. | 274, " | . . . . . . | 25 00 |
| | Extra 121, 21 | . . . . . . | 50 |
| | | | $349 36 |

**Cr.**

| 1896. | | | |
|---|---|---|---|
| June 9. | By Prem. Acc. 42, 5 | . . . . . . | $25 00 |
| July 24. | " 119, 8 | . . . . . . | 21 00 |
| Sept. 16. | " 125, 11 | . . . . . . | 37 50 |
| " " | " 126, 12 | . . . . . . | 17 50 |
| " 20. | " 154, " | . . . . . . | 11 25 |
| Oct. 7. | " 127, 13 | . . . . . . | 10 00 |
| " 17. | " 167, " | . . . . . . | 40 00 |
| Nov. 22. | " 206, 15 | . . . . . . | 8 92 |
| June 25. | By cash 95, 6 | . . . . . . | 16 67 |
| Aug. 19. | " " 117, " | . . . . . . | 16 50 |
| Sept. 3. | " " 121, " | . . . . . . | 15 00 |
| Oct. 17. | " " 155, 7 | . . . . . . | 10 00 |
| Dec. 31. | " " | . . . . . . | 120 02 |
| | | | $349 36 |

**Dr.**

| 1896. | | |
|---|---|---|
| Jan. 1. | To Balance | $120 02 |
| " 20. | To Pol. 1040, 14 " | 2 50 |
| " 20. | 1050, " | 1 00 |
| " " | 1055, " | 27 50 |
| " " | 1060, " | 2 50 |
| " 24. | 1062, " | 10 00 |
| " 29. | To Real Est. Mut. 1063, 20 | 15 00 |
| Feb. 14. | To Pol. 1072, 16 | 10 00 |
| | Extra 121, 21. | 00 |
| | | $188 52 |
| Apr. 1. | To Balance | $6 00 |
| " 16. | To Pol. 1114, 20 | 11 62 |
| " 18. | " " 6, " | 3 00 |
| | | $20 62 |
| May 1. | To Balance | $20 62 |
| " 11. | To Pol. 1122, 22 | 7 20 |
| " 11. | " " 1123, " | 10 00 |
| | | $37 82 |

**Cr.**

| 1896. | | | |
|---|---|---|---|
| Jan. 6. | By Prem. Acc. | 260, 18 | $21 00 |
| Feb. 3. | " " " | 233, 21 | 21 20 |
| " 5. | " " " | 153, " | 29 37 |
| Jan. 21. | " " Cash | 1062, 16 | 10 00 |
| Feb. 14. | | 1063, " | 15 00 |
| " " | | 121, " | 95 |
| " 15. | | 111, " | 19 12 |
| Mar. 7. | | 1072, " | 8 50 |
| " " | | 274, " | 25 00 |
| " 31. | Builders' M. | 1055, 23 | 27 50 |
| " " | Com. III, &c. | 1072, " | 4 88 |
| | By Balance | | 6 00 |
| | | | $188 52 |
| Apr. 30. | By Balance | | 20 62 |
| | | | $20 62 |
| May 29. | By Balance | | 20 62 |
| | | | 37 82 |
| | | | $37 82 |

| 1896. | | | | |
|---|---|---|---|---|
| June 1. | To Balance . . . . . . . . . | $37 82 | | |
| | | $37 82 | | |

| June 29. | By Cash 1114, 24 . . . . . . . . | $11 62 |
| " | " " 1116, " . . . . | 3 00 |
| " | " " 1123, " . . . . | 10 00 |
| " 30. | By Balance . . . . | 13 20 |
| | | $37 82 |

| July 1. | To Balance . . . . . . . | $13 20 |
| Aug. 1. | To Balance . . . . . . . | 6 00 |
| " 6. | To Pol. 1158, 26 . . . . . | 20 00 |
| " 20. | " " 1160, " . . . . | 12 90 |
| " 26. | " " 1163, " . . . . | 30 00 |
| " " | " " 1164, " . . . . | 7 50 |
| | | $76 40 |

| July 3. | By Cash 1122, 26 . . . . . | $7 20 |
| " 31. | " Balance . . . . | 6 00 |
| Aug. 4. | " J. Rothschild . . . | 31 00 |
| " 31. | " Balance . . . | 76 40 |
| | | $76 40 |

| Sept. 1. | To Balance . . . . . | $76 40 |
| " 10. | " Pol. 1165, 27 . . . . | 18 75 |
| " " | " 6, " . . . | 47 00 |
| | | $142 15 |

| Sept. 12. | By Prem. Acc. 1163, 34 . . . . | $30 00 |
| " 30. | " Balance . . . . | 112 15 |
| | | $142 15 |

| | | | Debit | | | | | Credit | |
|---|---|---|---|---|---|---|---|---|---|
| Oct. | 1. | To Balance . . . . . . . | $112 15 | | Oct. | 1. | By C. R. Wannemacher 36 . . . | $112 | 15 |
| " | 23. | To C. R. W. 1040, 37 . . . | 2 50 | | " | 31. | By Balance . . . . | 127 | 15 |
| | | 1050, " . . . | 1 00 | | | | | $239 | 30 |
| | | 1060, " . . . | 2 50 | | | | | | |
| | | 1158, " . . . | 20 00 | | Nov. | 3. | By Cash 1200, 34 . . . | $6 | 00 |
| | | 1160, " . . . | 12 90 | | " | 30. | By Prem. Acc. 1050, 39 . . | 1 | 00 |
| | | 1164, " . . . | 7 50 | | " | 30. | By Balance . . . . | 123 | 90 |
| | | 1165, " . . . | 18 75 | | | | | $130 | 90 |
| | | 1166, " . . . | 47 00 | | | | | | |
| | | 1193, " . . . | 9 00 | | | | | | |
| | | 1200, 80 . . | 6 00 | | | | | | |
| | | | $239 30 | | | | | | |
| " | 30. | To Pol. | | | | | | | |
| Nov. | 2. | To Balance . . . . | $127 15 | | | | | | |
| " | 9. | To Pol. 1205, 31 . . . | 3 75 | | | | | | |
| | | | $130 90 | | | | | | |
| Dec. | 1. | To Balance . . . . | $123 90 | | | | | | |

the items in the account. The court then granted a compulsory nonsuit, which it subsequently refused to take off.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions. (2) Granting nonsuit. (3) Refusing to take off nonsuit.

*Horace M. Rumsey*, for appellant.—Book entries are admissible where the charges are certain—and there is a measure in the mercantile world by which they can be ascertained—and the entries consist of a series of transactions—and the entire entry is continuing in its nature—and the books appear to be a registry of the daily business of a company: German's Estate, 14 W. N. C. 192; Fulton's Est., 178 Pa. 87; Hale v. Ard, 48 Pa. 23; Downey's App., 8 Pa. Superior Ct. 260; Hirst v. Clarke, 1 Clark, 398.

In a motion for a nonsuit, every reasonable inference must be construed in favor of the plaintiff. The truth of the plaintiff's testimony and all inferences of fact, which the jury might draw, must be conceded: Miller v. Bealer, 100 Pa. 585; Hill v. National Trust Co., 108 Pa. 1; McGrann v. Pittsburg, etc., Railroad Co., 111 Pa. 171.

The present case is ruled by Lebanon Mutual Insurance Co. v. Hoover, 113 Pa. 598. To the same effect is Penna. Insurance Co. v. Carter, 11 Atl. Repr. 102. See also State Insurance Co. v. Richmond, 71 Iowa, 519, and Critchett v. American Ins. Co., 53 Iowa, 404.

The question was for the jury and should have been submitted to it: Pittsburg Boat Yard Co. v. Western Assurance Co., 118 Pa. 415.

It cannot be doubted, that if a fire had occurred, in the case of any risk placed by the defendant firm on behalf of the insurance company, that the insurance company would have been liable although the premium was not paid, and this is on the theory that the agent is responsible for the premium, and if the agent extends a credit that he does so upon his own responsibility: Riley v. Commonwealth Mutual Fire Insurance Co., 110 Pa. 144; Universal Fire Insurance Co. v. Block, 109 Pa. 535; Lebanon Mutual Fire Insurance Co. v. Erb, 112 Pa. 149; Pittsburg Boat Yard Co. v. Western Assurance Co., 118 Pa. 415; Scott v. The Sun Fire Office, 133 Pa. 323.

*Arthur S. Arnold*, for appellee.—The defendant had the right, with the consent and under the direction of the board of directors of the plaintiff company, to apply the amounts collected by him for the company on account of salary due him from the company: Tagg v. Bowman, 108 Pa. 273.

Where there is a special contract or agreement the plaintiff cannot prove deliveries and charges by books of original entries: Hall & Co. v. Chambersburg Woolen Co., 187 Pa. 18.

OPINION BY BEAVER, J., January 22, 1901:

The book entries attached to the plaintiff's statement were not evidence and were properly rejected as such by the court below, as is evident from several considerations. 1. The statement is not based upon a book account but is "for moneys collected by defendants on behalf of the said The Wissahickon Mutual Fire Insurance Company." 2. The account itself upon its face shows it to be a ledger account with balances struck at different times and not an account taken from a book of original entries in the ordinary legal acceptation of that term. 3. The items contained in the account are not the subject of book entry, as recognized by universal usage and the authorities governing the same. 4. By the statment itself it would seem, and by the defendant's testimony produced by the plaintiff it is clear that the relation subsisting between the plaintiff and the defendant, under which the policies of insurance were delivered, was under a special contract. 5. Even if the so-called book account had been admissible, the plaintiff suffered no wrong by its rejection, inasmuch as he called the defendant as a witness and proved the correctness of the entries and, therefore, had all the benefits which could have accrued to him, if the account had been admitted.

The defendant was called by the plaintiff as an adverse witness under the act of 1887 and could have been contradicted. He fully accounted for each and every item contained in the exhibit attached to the plaintiff's statement. He was not contradicted in any way and the court was, therefore, justified in granting the nonsuit and in subsequently refusing to take it off.

Judgment affirmed.