## Reed v. Schumacher

*L. E. Bashore*, for plaintiff.
*L. J. Dalton*, for defendant.

Houck, J., April 27, 1936.—It is alleged in the statement of claim that plaintiff, an insurance broker, "at the special instance and request of the defendant, sold and delivered to the defendant, certain policies of insurance of the character, in the quantity, on the dates and at the premiums shown by 'exhibit A' attached hereto." Attached to the statement of claim is a statement describing five insurance policies by name and number, with the premium for each, and showing a balance due of $29.36. The suit is to recover this balance. Defendant took a rule on plaintiff for a more specific statement of claim, assigning as reasons that the statement fails to set out whether

the contract was written or oral; that it fails to show the time and place of said contract; and that copies of the insurance policies are not attached as exhibits.

None of the reasons has merit. The action, in form, is on a book account, and this court has consistently held, when such is the case, that it is unnecessary to state whether the contract is written or oral: Bright Co. v. Biasi, 34 Schuyl. L. R. 86. The time when and the place where the contract was made may be gleaned from the account attached to the statement. The action is not founded on the insurance policies; it is an action to collect the premiums. Consequently, copies of the insurance policies need not be attached to the statement: Gantert v. A. B. Cohen & Sons (No. 1), 44 Lanc. L. R. 149.

There is, however, fundamental error in the statement of claim, but the question has not been raised. The amount involved in the case is so small that we call attention to it now in order to save time and unnecessary expense. As stated before, and as plaintiff concedes, the action is on a book account. This is improper. The action should be on defendant's contract for the purchase of insurance. The rule which permits the receipt of books of original entry in evidence to sustain an action on a book account is a rule of necessity and books of original entry should not be received where the transaction, from its nature, admits of more satisfactory proof: Corr v. Sellers et al., 100 Pa. 169, 170. An action on a book account is for goods sold and delivered or for work and labor performed. Policies of insurance are not goods; they are contracts. The plaintiff here is not suing for goods sold and delivered; he is suing for the premium payable by defendant on a contract of insurance written by the insurance company of which plaintiff was agent. On the trial, plaintiff's book of original entry, so called, would not be admissible in evidence. The transactions out of which this suit arises are susceptible of better proof: See Shoemaker, etc., v. Kellog, 11 Pa. 310; Fenn et ux. v. Early et al., 113 Pa. 264, 269; Wissahickon Mutual Fire Ins. Co. v. Wanne-

macher, 15 Pa. Superior Ct. 580, 587. The precise question has been ruled in Buch et al. v. Good, 21 D. & C. 474.

While we are obliged to discharge the rule for a more specific statement of claim on the reasons advanced, we suggest the propriety of filing an amended statement of claim, basing the action on defendant's contract for the purchase of insurance instead of on a book account. What it is necessary to allege may be ascertained from the Buch case and from Bell Co. v. Monroe Hotel Co., 73 Pa. Superior Ct. 460.

And now, April 27, 1936, the rule for a more specific statement of claim is discharged.