## Olewine v. Andrews et al.

*Edmund P. Turtzo*, for plaintiff.

*J. W. Burkepile, Jr.*, for defendants.

BARTHOLD, P. J., November 13, 1950.—This is an action in assumpsit to recover $1,531.63, an alleged balance of premiums due on insurance policies. The complaint sets forth, inter alia, that "plaintiff, at the oral instance and request of defendants, sold and delivered to defendants certain policies of insurance, at the times and in the amounts more fully set forth in the true and correct copy of plaintiff's book of original entry hereto attached and marked exhibit 'A' and made a part of this complaint"; and that "the prices charged for the insurance contracts or policies were the fair, reasonable and justly recognized prices of the same at the time they were sold and delivered to defendants, and, further, are what defendants agreed to pay therefor." Attached to the complaint is a statement listing the date, name and number of 15 insurance policies, with the premium for each, and showing a balance due of $1,531.63. Defendant filed preliminary objections

in the nature of a rule for a more specific pleading, assigning as reasons in support thereof, that plaintiff has not set forth the type of insurance and the name of the insured, and that plaintiff has not so defined the nature of his claim as to make it appear whether it is based on a quantum meruit or upon an express agreement.

The action is, in form, an action on a book account, and when such is the case "the statement . . . must so define the nature of the plaintiff's claim as to make it appear whether it is based on a quantum meruit or upon an express agreement. If the former, facts upon which it is claimed that the implication of law arises should be set out. . . . A statement of claim which simply alleges that the defendant was on a certain day indebted to the plaintiff for money loaned and for work and labor done and materials furnished by the plaintiff to the defendant, stating the amount in a lump sum, without more, is insufficient. Nor is an allegation 'at defendant's express request' sufficiently specific. The statement must aver the engagement of the plaintiff by the defendant to do work, perform services, supply materials, etc., which form the subject of account, and an assumption of liability on part of the defendant to pay therefor. . . . The defendant is entitled to a specific statement not only of the plaintiff's demand, but of all that he has received from the defendant": 3 Standard Pa. Practice 329, 330, sec. 151.

When the complaint is read in the light of the foregoing rules governing actions on book account it is apparent that the complaint is deficient in not setting forth the name of the insured, the type of insurance and the true nature of plaintiff's claim.

There is, however, a more fundamental error in the complaint which seems to have been overlooked by the parties. The action was improperly brought on a book

account. The action should be on defendants' contracts for the purchase of insurance.

"An action on a book account is for goods sold and delivered or for work and labor performed. Policies of insurance are not goods; they are contracts. The plaintiff here is not suing for goods sold and delivered; he is suing for the premium payable by defendant on a contract of insurance written by the insurance company of which plaintiff was agent. On the trial, plaintiff's book of original entry, so called, would not be admissible in evidence. The transactions out of which this suit arises are susceptible of better proof: See Shoemaker, etc., v. Kellog, 11 Pa. 310; Fenn et ux. v. Early et al., 113 Pa. 264, 269; Wissahickon Mutual Fire Ins. Co. v. Wannemacher, 15 Pa. Superior Ct. 580, 587. The precise question has been ruled in Buch et al. v. Good, 21 D. & C. 474": Reed v. Schumacher, 27 D. & C. 247-249.

Defendants' preliminary objections in the nature of a rule for a more specific statement of claim must be sustained. We suggest the propriety of filing an amended complaint basing the action on defendants' contracts for the purchase of insurance instead of on a book account.

The amended complaint "should be made in clear and concise language, so that the defendant may know when he is called upon to answer and be enabled to do so in a concise and responsive manner. The broker in such case is not required to attach copies of the policy to his statement of claim": 3 Standard Pa. Practice 287, sec. 138; Gantert v. Cohen & Sons, 44 Lanc. 149.

In an action by an insurance broker against a mortgagee for premiums due on policies containing a mortgagee clause, the Superior Court held that the broker must not only aver failure of the mortgagor to pay, but state that he, plaintiff, paid the premiums to the insurance companies which issued the policy: Bell Co.

v. Monroe Hotel Co., 73 Pa. Superior Ct. 460. On the other hand, where the action was against the property owner, it was held not necessary for the broker to set forth that he paid or advanced the premiums to the insurance company, although it was said that he could not recover unless at the trial he showed that he held a note for the premiums, payable to himself individually, that he had paid the premiums to the insurance company, or that he would be held liable for the premiums: 3 Standard Pa. Practice 287, sec. 138; Gantert v. Cohen, supra.

## Order

And now, November 13, 1950, defendants' preliminary objections in the nature of a rule for more specific complaint are sustained, and plaintiff is directed to file an amended complaint in accordance with the foregoing opinion within 15 days from the date of this order.