## Nichols *et al.* versus Haynes.

1. Prior to the Act of April 15th 1869 (Witnesses) books of original entry were the evidence, the oath of the party was supplementary: since, the party is a competent witness and may prove his claim as a stranger would have done before.

2. Lumping charges in a book would not stand as evidence, but the testimony of the party that the entry was composed of items known to him to have been furnished would be competent to go to the jury.

3. The party's knowledge that the sum was correct would make it evidence; the credibility as to it would be for the jury.

March 24th 1875. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Lycoming county*: No. 286 to January Term 1874.

On the 3d of October 1870, Aaron J. Haynes brought an action of assumpsit against A. T. Nichols and A. C. Moore, partners, &c.

The defendants being owners of timber land in North Carolina and a saw-mill in Virginia, in the year 1869, employed the plaintiff to go to the timber tract and superintend the cutting and hauling logs, rafting them, &c.

The plaintiff's wages were to be $50 per month. His claim was for wages for ten months; and also for the services of his wife as cook for the hands; the claim on this account was for nine months at $15 per month. During his superintendence the defendants furnished him money and goods, which were to be sold to the hands and used in boarding them.

The main controversy was the plaintiff's disbursement of the money and goods.

[Nichols v. Haynes.]

The cause was tried January 5th 1874, before Gamble, P. J.

The plaintiff testified as to his employment, &c., that he paid the men in money and goods; he did not keep any account of groceries used in the boarding-house; he kept a book in which he entered the cash and all the other goods. He had received from the defendants besides groceries $978.68; his charge for outlay and his own claim for services was $1444.25.

On cross-examination, he said that the entries were made in his book from September 1st 1869 to July 1st 1870; he made them as soon as he delivered the goods; he kept the account "mostly" on paper and transferred it to the books, but did not keep a day-book; they were transferred every day when he was there to do it; when he was away they were kept until he came home, by his wife and a man he had.

The plaintiff then offered in evidence "the book of account containing the account between the plaintiff and the defendants, also containing the account between the defendants and the men employed; said accounts having been kept by plaintiff, showing the disbursement of the money received in payment of men."

The defendants objected:

1. That the book did not show the amount of credits to which the defendants are entitled for goods furnished.

2. That the book is not evidence of the amount of cash paid out by plaintiff, cash not being the subject of a book charge.

3. The book on its face shows that it is not a book of original entries, and the plaintiff swears that it is not his day-book.

The book was admitted in evidence, and a bill of exceptions was sealed for the defendants.

The defendants gave evidence in answer to the plaintiff's case. The court charged: * * *

"We have admitted all the offers of evidence in order that you might have all the information the parties could give you in reference to the cause. [We have admitted the books of original entry on both sides. Books of original entry are evidence of work and labor performed, and of goods sold and delivered. Strictly speaking, they are not evidence of anything else. They are not, strictly speaking, evidence of money paid, but sometimes they serve to assist a jury where there is other evidence bearing upon the point. When there is no other evidence of the payment of money than the evidence in the book, the book is not evidence of such payment. It serves to corroborate the others, to convince the mind when there is other evidence of payment.] * * *

"The principal difficulty, is in relation to the payments. Where there is a conflict of evidence it is your duty to inquire which of the parties had the best opportunity for knowing the facts of which he testifies.

["There is quite a difference in the accounts stated by the par-

[Nichols *v.* Haynes.]

ties. Where witnesses differ materially, it is proper for us to consider which of them has the best opportunity of knowing the facts of which he affirms. Looking at it in this point of view we think the plaintiff had every opportunity to know the affairs of that concern. He has produced a book here which he says contains an account of the moneys received by him and the moneys paid out by him. You will have that book out with you, and will give it careful consideration. If you find that the book contradicts the evidence of the plaintiff, it will weaken the credibility of his testimony. If, on the other hand, you find that the book corroborates his statements his evidence would be the most reliable.] He had an opportunity of knowing what money he received and what he paid out. The defence does not claim that either Mr. Nichols or Mr. Moore had that information. They depended upon other sources for their information." * * *

The verdict was for the plaintiff for $551.54.

The defendants took a writ of error and assigned for error the admission of plaintiff's book in evidence and the part of the charge in brackets.

*J. J. Metzgar,* for plaintiffs in error.—Books of original entry are not evidence of cash payments : Ducoign *v.* Schreppel, 1 Yeates 347.

*J. C. Hill,* for defendant in error.—The entries having been made in the regular order of business and at the earliest time, were evidence: Ingraham *v.* Bockius, 9 S. & R. 285. So, when the entries are made from memoranda of an assistant : Jones *v.* Long, 3 Watts 326 ; Kline *v.* Gundrum, 1 Jones 248. The book may be kept in ledger form : Thomson *v.* Hopper, 1 W. & S. 467 ; Hoover *v.* Gehr, 12 P. F. Smith 138. Cash charges may be received as corroborative : Rodman *v.* Hoops, 1 Dall. 85. Such charges are the proper subject of a book charge.

Judgment was entered in the Supreme Court, March 29th 1875,

PER CURIAM.—Questions in relation to books of entry as evidence, since the Act of 1869, making the parties witnesses, stand upon a different footing from that on which they stood before. Then, the book itself was the evidence, and the oath of the party was merely supplementary. Now, the party himself is a competent witness, and may prove his own claim as a stranger would have done before the Act of 1869. That the facts contained in the book, either of charge or discharge, of cash or goods, or whatever else is in his personal knowledge, might be proved by a stranger, no one doubts. A clerk, for instance, could prove the account, including cash items, from his own knowledge, and might use the book to refresh his memory. The party now stands by force of

[Nichols *v.* Haynes.]

the act on the same plane of competency as the stranger stood upon, and therefore may make the same proof as a stranger could; he may also refer to entries made at the time of the transaction in corroboration of his testimony. Lumping charges would not stand as evidence in a book, but the testimony of the witness that the entry was composed of items known to him to be furnished, would be competent to go to the jury. His knowledge that the sum was correct, would make it evidence, leaving the credibility of the fact to be determined by the jury. As this case was put to the jury, we discover no error. Judment affirmed.