## McKnight, Appellants, *v.* Newell.

*Evidence—Documentary evidence—Book of original entries—Memorandum to refresh memory.*

An account book offered by a partnership plaintiff which shows on its face that it was not one of the regular books of the firm, that it contained only the account with defendant, that the entries were not made contemporaneously with the work done, and that many of the entries were lumping charges, is inadmissible as a book of original entries. If the court permits such a book to be used as a memorandum to refresh the memory of the witnesses and permits the book to be sent out with the jury, the plaintiffs have no ground to object to an instruction by the court that the book was not a book of original entries, and that the book could only be examined by the jury in connection with the testimony of the plaintiffs.

*Evidence—Set-off—Burden of proof.*

In an action for work and labor done, where the defendant alleges an overpayment, and the amount of money paid by him to the plaintiff is not disputed, the burden of proof is on the plaintiff to show what work

was done. In such a case the general rule that the burden of proof is upon a defendant alleging a set-off or counterclaim does not apply.

*Evidence—Striking out testimony—Harmless error—Appeals.*

Where an answer to a question has not been in accordance with the ruling of the court, and is therefore erroneous, a refusal to strike out the testimony is not reversible error, where it appears that the answer taken in connection with other testimony could not have harmed in any way the party objecting.

*Appeals—Assignment of error—Evidence.*

An assignment of error to the rejection of writings is in disregard of Rule 31, where the writings rejected are not printed in the paper-book.

Argued Nov. 3, 1903. Appeal, No. 10, Oct. T., 1903, by plaintiffs, from judgment of C. P. No. 2, Allegheny Co., July T., 1900, No. 552, on certificate for defendant, in case of Frank McKnight and William Victory, trading as McKnight & Victory, v. John Newell. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit for plumbing work. Before FRAZER, P. J.

The facts are stated in the opinion of the Supreme Court.

When the defendant was on the stand he was asked this question:

" Q. Have you any idea, beginning in 1891, and running down to 1894, what repairs, if any, were done to that bar by McKnight & Victory ? A. The amount—what it would cost? Q. Well, the amount, if you can tell us, or in detail as far as you can tell us anything about it ? "

Mr. Ritchey: " That is just what you know from your own knowledge. A. Well, just to guess at it—I don't know from my own knowledge nor nobody else can."

Mr. Ritchey : This is objected to, then.

Mr. Ferguson : " Q. You were about all the time, weren't you ? "

Objected to.

Mr. Ritchey: " Q. Can you give anything better than a guess ? A. I could give a pretty fair idea. Q. Would it be simply a guess, as you stated ? A. Yes, it would have to be a guess, as I didn't mark it down, but I am a pretty good guesser."

Mr. Ferguson: " Q. What do you mean by ' a guess ' ? "

Mr. Ritchey : This is objected to.

The Court : " If Mr. Newell will state to the best of his recol-

lection what McKnight & Victory did in the way of repairs to the bar or additions made to the bar, he may then state what in his opinion those were worth, without merely lumping it as a whole. He ought to go into some details.

" A. I have figured it up since this case was on, Miss Pfordt and I valued it—about $500. All the work they did around the bar and cellar for me, and give them the benefit too,—a good price."

Mr. Ritchey : We object to that answer of the witness for the reason that he has not shown sufficient knowledge of this work to enable him to put any reasonable or fair value upon it, this work being the work that we have sued for in this case as applied to this bar, the items to which the witness is testifying, and I move to strike out that answer of the witness's estimate based upon a guess, as stated by him.

Objection overruled ; motion refused and bill sealed for plaintiff. [6]

Mr. Ritchey : I offer in evidence the slips produced by plaintiffs and testified to as being the slips of the workmen for work and material done on this account.

Objected to as incompetent and irrelevant.

Objections sustained and bill sealed for plaintiffs. [7]

Defendant presented these points :

That the plaintiffs' " Exhibit No. 1 " is not a book of original entries, and is not entitled to be considered in any way whatsoever by the jury as tending to establish the claim of the plaintiffs or any portion thereof. *Answer :* That is affirmed with this qualification ; the book in itself does not tend to establish defendant's liability, and is only to be considered by the jury in conjunction with the testimony of McKnight & Victory. [1]

The court charged in part as follows :

[To assist you in determining whether or not the defendant is indebted to the plaintiff, we have admitted in evidence a book which the plaintiffs claim is a book of original entries. We are of the opinion that that is not properly speaking a book of original entries ; that is a mere memorandum and not a book of original entries. A book of original entries is a book in which a merchant keeps his accounts generally and enters therein from day to day a record of his transactions. In a book of that kind,

when presented to the jury, the jury can see under each date the amount of sales made to customers. The presumption is that a book so kept is a correct record. The presumption is that a business man keeps his account correctly, and where the charges are made from day to day, and courts receive books so kept in evidence, they are strongly persuasive evidence at least of the correctness of the account. This book, "Exhibit No. 1," is not kept in that way. It is a book in which alone are entered the items claimed to be chargeable to the Newell Hotel improvement. It contains no other entries, and we admit it only in connection with the testimony of McKnight & Victory. You, gentlemen, may examine it, and in connection with their testimony give it such credit as you think it is entitled to receive. The book of itself proves nothing, but in conjunction with the testimony of Mr. McKnight and Mr. Victory, it may assist you in arriving at a verdict. If it were a regular book of original entries, it would be entitled to receive more credit.] [3]

Mr. Ritchey: I think your honor should state to the jury that the burden is upon the defense to show the items claimed for in this suit were in any of the other contracts.

The Court: No, the burden is on the plaintiffs. They must make out their case and show their right to recover.

Certificate for defendant for $5,530, upon which judgment was entered for $2,463.30, all above that amount having been remitted. Plaintiff appealed.

*Errors assigned* were (1–5) above instructions; (6, 7) rulings on evidence, quoting the bill of exceptions.

*David S. McCann*, with him *J. L. Ritchey*, for appellant.— The court allowed the defendant, who was neither an expert nor competent, to give opinion on values, to make proof of the value and amount of a portion of the work and material. This testimony was especially damaging to the plaintiffs in view of the fact that "Exhibit No. 1" was later on excluded from evidence as a book of original entries: Wolf v. Studebaker, 65 Pa. 459; Chamberlin v. Morgan, 68 Pa. 168; Wilder v. Cowles, 100 Mass. 487; Powers v. Russell, 30 Mass. 69; Huston v. Ticknor, 99 Pa. 237; Pusey v. Wright, 31 Pa. 387; Davis-Colby Ore Roaster Co. v. Rogers, 191 Pa. 229.

It is a general rule of law that he who affirms must prove, and "all evidence in mitigation is for a defendant to give. In its nature it is affirmative, and hence it is for him to prove who asserts it:" King v. Steiren, 44 Pa. 99; Emery v. Steckel, 126 Pa. 171; Kirk v. Hartman, 63 Pa. 97; First Nat. Bank v. Wirebach's Exr., 106 Pa. 37; Elcessor v. Elcessor, 146 Pa. 359; Struthers v. Phila., etc., R. R. Co., 174 Pa. 291; Com. v. Farrell, 187 Pa. 408; Huddleston v. Borough of West Belle vue, 111 Pa. 110; Whelen v. Harrison, 40 Legal Int. 170.

*J. S. Ferguson,* with him *E. G. Ferguson* and *William Hunter,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 4, 1904:

In the spring of 1891, the defendant purchased property upon Fifth avenue in the city of Pittsburg, and proceeded to enlarge and reconstruct the buildings upon the lot, to fit the premises for use as a hotel. According to his testimony, Mr. Newell gave the entire contract for the work to the firm of Murphy & Hamilton. They did the carpentry work themselves, and sublet the other portions of the work to other persons. The plumbing for the building was sublet to the plaintiffs in this case, and they admit that they have received payment in full from Murphy & Hamilton for all work done for them; but they allege that, in addition to the work done for Murphy & Hamilton, they did a large amount of work for Mr. Newell, the defendant; and it is for that they seek to recover in this suit. The defendant denies that the plaintiffs did any work directly for him, for which they have not been fully paid, and more than paid. He alleges that he paid the plaintiffs a large sum of money under the mistaken impression that it was to be applied upon the amount due from him to his general contractors, Murphy & Hamilton; and for that he claims a certificate in his favor.

The course of dealing between Murphy & Hamilton and the plaintiffs was somewhat complicated. Several different contracts were made, which aggregated about $8,000. Then the defendant, Newell, made two contracts with the plaintiffs for electric light fixtures, and dining room fixtures, amounting to some $2,200, for which it is alleged he paid in full. All

the conflicting claims of the parties to this litigation were very carefully submitted to the jury by the trial judge, and the result was a verdict which sustained the claims of the defendant.

At the trial the plaintiffs offered an account book purporting to be a book of original entries. This book was identified as Exhibit No. 1. The first, second and third assignments of error raised the question that this book, having been admitted in evidence, its effect should not have been limited, as it was, to that of mere memoranda, to be used only in connection with the oral testimony of witnesses. In the charge, the court said that the book lacked the essentials of a book of original entries, and could not be considered as such. But the jury were told that they might examine it, and, in connection with the testimony of witnesses, give it such credit as they might think it was entitled to receive. We find from the testimony, that when the book was first offered in evidence, the court did not pass definitely upon the question, but against defendant's objection permitted it to be offered under a claim only, that it was a book of original entry. The attitude of the court appears from the ruling made upon the evidence of one of the plaintiffs. He said : " Mr. Victory may testify to anything he recalls having been furnished there, and may use the book ' Exhibit No. 1 ' as a means of refreshing his memory, if he knows it to be correct. We will permit him to testify to any items that he can personally recall having been put into the building, for any work that he personally recalls having been done."

Under this permission, Mr. Victory and Mr. McKnight both testified. We do not see that the court below went any farther than this, and when the book itself was offered and admitted in evidence, it may fairly be regarded as for the same purpose, and nothing more, than that for which the witnesses for the plaintiffs had been been permitted to use it in testifying. While the plaintiffs offered the book in evidence " for the purpose of proving the sale and delivery and the price of the goods," they did not rely upon it to prove these facts, but subsequently offered a large amount of other testimony to establish the performance of the work, and its value. The detailed character of the oral testimony, and the minute manner

in which the items of the claims were set forth, and described by the witnesses, make it apparent that the plaintiffs depended by no means solely upon the effect of the account book. The further fact, too, that the book was sent out with the jury, and examined fully by them, would seem to have given the plaintiffs every advantage to which they were properly entitled in any aspect of the question. We are not convinced that any injustice was done to the plaintiffs by the rulings of the trial judge, as set forth in the first three specifications of error. The book was clearly inadmissible as a book of original entries. It was not one of the regular books of the firm, it contained only the accounts with defendant, and the entries were not made contemporaneously with the doing of the work. Many of the entries were also lumping charges, and, therefore, inadmissible: Corr v. Sellers, 100 Pa. 169. If any mistake was made in the admission of the book when offered, it was at the instance of the plaintiffs and against the objection of the defendant. The plaintiffs cannot now complain of an error induced by themselves, nor can they properly object to the position taken by the court in that portion of the charge which limited the effect of the book as evidence.

As to the fourth and fifth assignments of error: The plaintiffs presented no points requesting instructions as to the alleged set-off, except the verbal request, which is covered by the fourth assignment. This request was made by counsel after the charge had been delivered, and the reply made by the court is not likely to have affected the jury; but, if so, it was substantially correct.

It is undoubtedly true that the burden of proof is upon a defendant alleging a set-off or counterclaim. In the present case, however, there was no dispute whatever as to the amount of money paid by the defendant to plaintiffs. The only question was as to the work done by plaintiffs outside the contracts with Murphy & Hamilton. The burden of proof as to this work was certainly upon the plaintiffs. If they failed to show that they had performed as much work directly for the defendant as would cover his payments, then the right to recover the amount overpaid was established without the necessity of further proof. If there had been any dispute as to the total sum paid by defendant, then the burden would have rested on

him to establish his payments.    But the payments he claimed
to have made were all admitted.

The sixth assignment alleges error in the refusal to strike
out the answer of a witness, based upon a guess.    The answer
does not seem to have been made in accordance with the rul-
ing of the court.    The witness admitted that any opinion he
expressed as to the work done and its value would be no more
than a guess ; he was not shown to have any expert knowledge
of the subject, and the value he testified to, was not his own
individual opinion, but the result of joint figuring by himself
and his bookkeeper.    It would seem that the answer should
have been stricken out.    But it appears that, while the esti-
mate was a guess in so far as any details were concerned, yet
it was made so high, based upon his knowledge of the outside·
limit of what the cost could have been, that the testimony
could not have harmed the plaintiffs.    The testimony of
another witness, who had knowledge of the details, fixed the
value of the work done, and materials furnished by the plain-
tiffs for that specific portion of the work, at figures far below
that of the witness to whose testimony exception is taken.
The evidence of which complaint is made in the assignment
appears by comparison to be highly favorable to the plaintiffs.
It does not seem, therefore, that this evidence could have
harmed the plaintiffs in any way, and the refusal to strike it
out is not reversible error.

The seventh assignment of error is in disregard of Rule 31,
in that full copies of the writings rejected as evidence are
not printed in the paper-book.    They seem to have consisted
of slips of paper, containing memoranda made by the work-
men.    There was no evidence as to when or by whom the
slips were made.    It merely appeared that they were handed
in by the men employed by plaintiffs.    They were found by
plaintiffs during the trial in an old barrel in their shed.    The
persons who wrote them were not called, and their handwrit-
ing was not identified.

The assignments of error are all overruled, and the judg-
ment is affirmed.