## Brock, Appellant, *v.* Brock.

*Attorney at law—Compensation—Contract—Evidence—Declarations.*

1. In an action to recover moneys collected by two attorneys
at law and not paid over, where the defendants claim that they were
to receive fifty per cent of the amount collected, and that they had duly
accounted, and the plaintiff claimed that they were only to receive
twenty per cent, statements made by one attorney to the other but
not in the plaintiff's presence, are admissible, where it is not disputed
that the plaintiff had stated to the second attorney that he had made
arrangements with the first attorney, and that the latter would com-
municate to him what the terms were.  In such a case it is also proper
to permit the defendants to show in a general way the character of
the claim, and the subject of the controversy, but it is not proper to
permit them to show that the plaintiff did not pay for the property in-
volved, or that he gave less than its value.

2. It is not permissible for the defendants to show the anticipated
difficulties and the extent of the work in the litigation, as corrobora-

tive of the allegation that the plaintiff had agreed to a compensation of fifty per cent, if there is no evidence to show that they communicated to plaintiff any information as to the difficulties and extent of the work anticipated.

3. The burden of proof in such a case is on the defendants to show the contract which they alleged, and it is reversible error for the court to charge that the burden was on the plaintiff.

Argued April 14, 1911. Appeal, No. 96, April T., 1911, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., June T., 1905, No. 109, on certificate for defendants in case of Lem. S. Brock v. C. C. Brock and Franklin P. Iams. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit to recover moneys collected by attorneys at law. Before MACFARLANE, J.

At the trial F. P. Iams, one of the defendants, was asked this question:

"Q. What did Cyrus C. Brock say to you?"

Objected to by plaintiff's counsel as incompetent, irrelevant and immaterial.

The Court: In view of the other testimony the objection is overruled and exception noted. [1]

"Q. What did Cyrus C. Brock say to you with reference to the contract and with reference to your employment, and with reference to what you were to do in pursuance of your employment? A. Cyrus said substantially what Lem had said to me before, that they had entered into a contract for recovering the money or capital stock that was in controversy between Lem S. Brock and the Lawtons, the Lawton Mortgage Company, and the other associated companies. Q. What did he tell you the terms of the contract were?"

Plaintiff's counsel object that it would be a statement made in the absence of Lem S. Brock, the plaintiff, and would be a mere repetition of what some one had said to the witness on the stand, and it is therefore immaterial, irrelevant and incompetent.

Objection overruled and exception noted for plaintiff. [2]

"A. He told me that he had arranged with Lem S. Brock, by which Lem S. Brock was to give in consideration of the carrying on of the litigation proposed between Lem and the Lawtons, fifty per cent of the recovery over and above $2,500. He said that Lem had authorized him to communicate that fact to me and see whether or not I would enter into the case upon these terms, and with the understanding that I was to participate in the money to be retained if any was recovered. He also said that Lem had always said he was not able to pay fees and that the lawyers would get nothing unless a recovery was had and they would get nothing unless more than $2,500 was recovered. Q. What was the nature of the plaintiff's claim; that is, how did he represent to you that the claim arose?"

Objected to by plaintiff's counsel as immaterial and irrelevant, for the reason that the witnesses have testified that a certain arrangement was made, one testifying to one arrangement, and the others to another. It amounts to an attempt to either repudiate the contract they went into or show a basis of recovery other than that specified by both parties.

Objection overruled and exception noted for plaintiff. [3]

Objected to by plaintiff's counsel as incompetent, irrelevant and immaterial.

Objection overruled and exception noted for plaintiff.

"A. The controversy and subject-matter of the contract as I learned it from C. C. Brock at the time he brought up the papers in pursuance of a conversation with plaintiff and further what I learned from conversation and statements of the controversy made by Lem S. Brock and Cyrus C. Brock, in the presence of each other and the presence of myself, were as follows: Lem S. Brock claimed that he had been employed by the Lawton Mortgage Company, Incorporated. Q. What is the partner-

ship? A. The partnership, the incorporated firm of Lawton Mortgage Company, to do certain work for them. I believe he made appraisements for the purpose of securing and passing mortgages, and other work about the office; perhaps soliciting some insurance. He said after he was employed a short time, a few months, that Charles B. Lawton said to him that he wanted him to go ahead and take just as little out of the firm as possible, as he could get along with, and push the business as hard as possible; with the object of afterwards incorporating the business and his, Brock's, becoming a part of the business. He said that after that conversation which occurred some time in the latter part of 1897 between the plaintiff, as he alleged and the Lawtons; that they all went on and took as little money out of the business as they could get along with, and that they did build up the business as best they could until the fall of 1900 when they concluded that they would incorporate it. Q. Now state whether or not he paid or represented to you that he had paid anything for his interest in the partnership."

Objected to by plaintiff's counsel as immaterial and irrelevant.

Objection overruled and exception noted for plaintiff. [4]

"A. I understand from Lem S. Brock that there had not been anything paid by any of these people; that they had taken as little out of the business as they could and in that way built it up for the purpose of putting it into a corporation. Q. What we wish to get at is, what, as you viewed the case then or understood the case then, was necessary to be done to accomplish the plaintiff's object?"

Objected to by plaintiff's counsel as incompetent, irrelevant and immaterial.

The Court: My theory of it is that it is necessary to show the necessary steps in the litigation, if litigation ensued and was pursued, to show what work might have to be done by these gentlemen under the circumstances, and it would be perfectly competent for the other side to bring

out that there was a possibility that all of that litigation might not be necessary.

The objection is overruled and exception noted for plaintiff. [6]

Certificate and judgment for defendants for $848.08. Plaintiff appealed.

*Errors assigned* were (1–4, 6) rulings on evidence, quoting the bill of exceptions, and (8) portions of the charge quoted in the opinion of the Superior Court.

*J. McF. Carpenter,* of *Carpenter & Chalfant,* for appellant, cited: Cullmans v. Lindsay, 114 Pa. 166; Spencer v. Colt, 89 Pa. 314; McKnight v. Newell, 207 Pa. 562; Graham v. Steiren, 44 Pa. 99.

*John C. Bane,* with him *Thomson & Thomson,* for appellees, cited: Barney v. Fuller, 133 N. Y. 605 (30 N. E. Repr. 1007); Glessner v. Patterson, 164 Pa. 244; Rodgers v. Stophel, 32 Pa. 111; Balsbaugh v. Frazer, 19 Pa. 95.

OPINION BY HENDERSON, J., July 13, 1911:

The defendants were employed by the plaintiff as attorneys at law to recover by "legal process or settlement" certain shares of stock or the value thereof of a corporation called Mortgage Banking Company. One of the defendants, C. C. Brock, was first retained and afterward the other defendant was employed on an arrangement between the plaintiff and C. C. Brock. As the result of a somewhat protracted litigation the plaintiff recovered from the Mortgage Banking Company $18,779.75. Three thousand dollars of this amount were paid directly to the plaintiff by the defendant in that litigation and the remainder was paid to the defendants who subsequently paid to the plaintiff $8,139.87, the balance being claimed as compensation for services. The plaintiff alleged that when he retained C. C. Brock in the case they agreed that the compensation to be paid should be twenty per cent of the amount recovered, excluding the value of thirty

shares of the stock of the company which the plaintiff alleged were admitted to be his. The defendants claimed, on the other hand, that the agreement between the plaintiff and the defendant, Brock, was that the compensation should be one-half of the amount recovered less the value of twenty-five shares of the capital stock of the company and as the amount paid to the plaintiff by the defendants was in excess of one-half of the sum received by them they presented a set-off or counterclaim for $675.15, the amount paid in excess of that to which the plaintiff was entitled, if the contract was as claimed by the defendants. No agreement for compensation was made by Mr. Iams with the plaintiff directly. He claims through the agreement set up by C. C. Brock which, as shown by the evidence introduced for the defense, was communicated to him by the latter. The present action was brought to recover the amount collected by the defendants and still unpaid to the plaintiff, less the twenty per cent which the plaintiff says was the agreed compensation for the services to be rendered.

In view of the evidence as to the conversation between the plaintiff and Iams at the time the former called at the latter's office and asked him to go into the case to prepare a bill in equity and prosecute it to a conclusion and that C. C. Brock would be up with the papers after a while and explain the contract to Iams, we think it was not error to admit the testimony included in the first and second assignments. The plaintiff's preliminary discussion of the case and arrangements for beginning the litigation were with C. C. Brock. They considered the subject, however, of securing the services of another attorney and Mr. Iams was the choice of the plaintiff. The plaintiff had a short conversation with him before C. C. Brock saw Iams and finally arranged for their co-operation in the management of the case. The plaintiff having informed Iams that C. C. Brock would state the terms of the agreement with him under which they were to take the case, evidence of the declaration of C. C. Brock to Iams as to the terms

of the agreement was not incompetent. Nor do we regard the evidence covered in the third assignment as improperly admitted. The defendants were employed to prosecute a claim for the plaintiff. It was relevant to show in a general way the character of this claim and the subject of the controversy.

It appeared in the course of the trial that the plaintiff's claim originated in an interest he had in a firm known as the Lawton Mortgage Company, whose interests were afterwards transferred to the Mortgage Banking Company. In the course of the examination of Mr. Iams he was asked whether the plaintiff paid or represented that he had paid anything for his interest in the partnership. The refusal of the court to sustain the objection to this question is made the subject of the fourth assignment of error. After a careful examination of the testimony we are unable to see how this inquiry became relevant. It was established by the prior litigation that the plaintiff had a valid claim against the Mortgage Banking Company. It was of such a substantial character that the defendants were able to collect more than $18,000 on account of it. As between the present litigants it could not be a matter of consequence whether the plaintiff had paid much or little for the interest owned by him. It did appear in the evidence, however, that he was employed by the Lawton Mortgage Company; that he was requested by that partnership to take just as little out of the firm as possible or as he could get along with and push the business as hard as possible with the object of afterwards incorporating the company, he (the plaintiff) to become a partner, and that he did assist in building up the business and took out as little money as he could get along with up to the time when the incorporation took place. He had in this way earned a title to stock in the corporation which was adjudged to be good. It was not for the defendants who had established the plaintiff's right and secured his money to say that he did not pay for the property or that he gave less than its value. The

introduction of this evidence had a tendency to prejudice the plaintiff's case and to give the jury the impression that the cause which the defendants undertook to establish was speculative and founded on a slight or doubtful consideration. The fourth assignment is sustained.

One of the defendants, Mr. Iams, was examined in regard to the general nature of the proceeding which he was called upon to engage in and was also permitted to testify as to the necessary steps in the litigation if litigation ensued and to show what work might have to be done under the circumstances and that there was a possibility that all of that litigation might be necessary. The witness then proceeded to give his opinion as to the investigations necessary to be made and the legal questions involved and what he had done in the way of preparing himself on the law and facts involved in the case as he viewed it in anticipation of litigation. It was not shown that he communicated to the plaintiff any information as to the extent of the studies or examinations required or that the contract set up by the defense was made with a knowledge on the part of the plaintiff that the things testified about by the witness were necessarily involved in the case or that the defendants would be called upon to exercise the mental processes and acquire the legal knowledge and familiarity with the facts suggested in the testimony, and we think the evidence was not competent, therefore, as tending to establish a probability that the agreement for compensation set up by the defendants was in fact made by the plaintiff. The evidence could only be admissible as corroborative of the defendants' allegation that the contract for compensation was fifty per cent of the amount recovered and to give it persuasive effect in that direction it should be made to appear that the plaintiff had knowledge in some degree, at least, of the extent of the burdens assumed by the defendants and the magnitude of their undertaking. The sixth assignment of error is sustained.

In the charge to the jury the court said: "Of course in the shape this case is in the burden is on the plaintiff to make out his case. He must satisfy you by the fair weight of the evidence that the bargain was as he contends." This is exhibited in the eighth assignment and raises the question of the burden of proof. The fund collected belonged to the plaintiff subject to the right of the defendants to retain whatever the plaintiff expressly agreed to pay them or the amount to which they were entitled on a quantum meruit. The plaintiff alleged in the declaration and in his evidence that his agreement with C. C. Brock was that he should have from the amount recovered twenty per cent for compensation after deducting $3,000, the sum not in controversy. The defendants set up a different contract and alleged the agreement to be the payment of one-half the amount recovered after deducting $2,500. No claim for services on a quantum meruit was presented. In addition to the averment of a contract for one-half of the amount recovered the defendants introduced their counterclaim that the plaintiff was overpaid $675.15 for which they obtained a certified balance. The effect of the charge was to put on the plaintiff the burden of disproving the defense set up and to permit the defendants to recover a judgment against him because he may have failed to satisfy the jury by the preponderance of the evidence that the agreement was for the payment of twenty per cent of the amount recovered. The defendants had an undoubted right to defalk their claim for services against the plaintiff's demand for the money, and the party whose claim is the largest is entitled to the judgment: Balsbaugh v. Frazer, 19 Pa. 95. But the burden of proof is on the defendant alleging a set-off or counterclaim: McKnight v. Newell, 207 Pa. 562. The defendants' evidence was affirmative in its nature and the burden was on them to show that the contract for compensation gave them one-half of the fund; that the plaintiff had been overpaid and that therefore they were entitled to the verdict which they recov-

ered.  The eighth assignment is therefore sustained.  We do not find in the other assignments sufficient grounds for supporting a reversal.

The judgment is reversed and a venire facias de novo awarded.