# Lawrence E. Jost and Charles H. Jost, Trading as Jost Brothers, Appellants, *v.* Robert Kurtz and Max Kurtz, Trading as Kurtz Brothers.

*Contracts—Assumpsit—Acceptance by owner—Waiver of architect's certificate.*

In a contract for the installation of a heating system where the production of an arthitect's certificate is not made a condition precedent to the making of payment by the owner, a stipulation that work shall be executed to the entire satisfaction and written acceptance of the architect may be waived by the owner.

206   JOST & JOST, Appellants, *v.* KURTZ & KURTZ.

In an action of assumpsit based on a written contract for the installation of a heating system, where it appeared that the system was installed in accordance with the terms of the contract, and was tested and accepted by the owner, there was sufficient evidence to go to a jury as to whether or not the production of an architect's certificate had been waived by the owner, and it was error on the part of the court below to rule that there could be no recovery by the plaintiffs because of the lack of such certificate and acceptance thereunder.

Argued October 8, 1923.   Appeal, No. 160, Oct. T., 1923, from order of C. P. No. 1, of Phila. Co., June T., 1920, No. 2676, refusing to take off judgment of nonsuit, in the case of Lawrence E. Jost and Charles H. Jost, trading as Jost Brothers, v. Robert Kurtz and Max Kurtz, trading as Kurtz Brothers.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Action of assumpsit to recover balance due on a written contract.   Before BARTLETT, J.

The facts are stated in the opinion of the Superior Court.

Defendants moved for a nonsuit on the ground that no architect's certificate had been furnished.   The court below sustained the motion, and subsequently refused to take off the nonsuit.   Plaintiffs appealed.

*Error assigned* was the action of the court below in refusing to take off the judgment of nonsuit.

*J. S. Freemann,* for appellants.

*Louis E. Levinthal,* and with him *Levinthal, Schofield & Kraus,* and *Walter Biddle Saul,* for appellees.

OPINION BY GAWTHROP, J., November 19, 1923:

Plaintiffs brought an action of assumpsit to recover an alleged balance due on a written contract for the fur-

nishing and installation of a vapor heating system in defendants' building, and also to recover the value of labor and material furnished under an oral contract. The statement of claim averred performance by plaintiffs and acceptance by defendants. The affidavit of defense denied both performance and acceptance. The written contract provided that when the heating plant was completed plaintiffs should test it in the presence of the architect and prove it tight under a steam pressure of fifteen pounds. It provided further that all work should be executed "to the entire satisfaction and written acceptance of the architect." When the case came on for trial, plaintiffs offered evidence tending to establish that when the work was completed under the written contract, and they were ready to make the test of the plant, the architect failed to appear and one of the defendants suggested that the test be made in the absence of the architect; that the result of the test was perfect satisfaction on the part of defendants. The court below ruled that there could be no recovery under the written contract because plaintiffs failed to produce a certificate of the architect and acceptance thereunder. We do not agree that it was necessary for plaintiffs to produce a certificate from the architect showing that the heating plant had been completed to the satisfaction of the defendants before there can be a recovery on this branch of the case under the circumstances. This is not a case in which a certificate of the architect is made a condition precedent to the making of the final or any other payment by the owner. Under the contract, the last payment was due upon completion and test of the heating system. There was evidence that the system was completed and that the test was satisfactory. If the heating system was completed by plaintiffs, defendants could waive their right to insist upon the certificate. If they expressed satisfaction with the plant and chose to accept it on their own responsibility, it was for the jury to say whether or not they had waived their right to insist

upon the certificate.   This is so firmly established that it must be accepted as the settled law of this State.   See Hunn v. Penn. Inst. for the Blind, 221 Pa. 403.

Since the case must be retried, we deem it our duty to state that in our opinion the book which was offered as one of original entry was, on its face, inadmissible and, therefore, properly excluded, because it contained lump charges.   See Miller's Est., 188 Pa. 214.   Without being supplemented by the testimony of one who knew that the lumping charges were composed of items furnished, it would have been error to admit the book: Nichols v. Haynes, 78 Pa. 174.

The judgment is reversed and a venire facias de novo is awarded.