### Mehrkam v. Schlegel & Williamson, Inc.

*Evidence—Books of account—Original entries—Practice, C. P.—Affidavit of defence—Sufficiency.*

1. Books containing charges which do not specify the items of sale are not admissible as original entries.

2. Such books may possibly be used for refreshing the memory of witnesses.

3. Entertaining doubt concerning admissibility of defendant's evidence as to a counter-claim is sufficient warrant for refusing a summary judgment.

Rule for judgment for want of sufficient affidavit of defence. C. P. Lehigh Co., Oct. T., 1923, No. 161.

*Dallas Dillinger, Jr.,* for plaintiff.

*A. W. Hagenbach* and *Charles W. Webb,* for defendant.

RENO, P. J., July 7, 1924.—If the exhibit attached to the affidavit of defence is intended as a copy of books of original entry, and if defendant purposes to prove the items contained in that exhibit by its books, it is doomed to disappointment. Books containing charges which do not specify the items of the sale are not admissible as original entries: Corr v. Sellers, 100 Pa. 169; Fulton's Estate, 178 Pa. 78.

Since it nowhere alleges that the exhibit is a copy of a book of original entries, it is conceivable that defendant expects to use the entries merely as a memorandum to refresh the memory of its witnesses. If so, such entries may possibly be usable for that purpose: Nichols v. Haynes, 78 Pa. 174; Hottle v. Weaver, 206 Pa. 87; McKnight v. Newell, 207 Pa. 562.

The circumstance that defendant may, perhaps, prove its counter-claim in the manner indicated suggests the advisability of allowing the cause to proceed to trial and thereby afford opportunity for a broader inquiry into the facts than is presented by the bare pleadings: Moy v. Colonial Finance Corp., 279 Pa. 123. At all events, the doubt which we entertain concerning the admissibility of the evidence by which defendant seeks to establish its counter-claim is sufficient warrant for refusing a summary judgment: Commonwealth Finance Co. v. Ferrero, 269 Pa. 264.

Now, July 7, 1924, rule for judgment for want of a sufficient affidavit of defence is discharged.  From Calvin E. Arner, Allentown, Pa.